# Jaquett *v.* Allabaugh.

*Married women—Security for husband—Judgment—Opening judgment.*

A judgment entered against a married woman on a judgment note will be opened on the ground that it was given as security for the debt of the defendant's husband, where it appears that the husband having bought a store from plaintiff was unable to pay a balance of purchase money ; that the plaintiff caused the judgment note to be prepared for the amount of the balance, and procured the defendant to sign it and deliver it to him, in consideration for which he gave his check for the amount, to the order

of the defendant, and the defendant thereupon indorsed the check, handed it to her husband, and he in turn passed it on to the plaintiff in payment of the balance due for the store.

Argued Dec. 8, 1900. Appeal, No. 207, Oct. T., 1900, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1899, No. 329, on verdict for defendant, in case of Thomas B. Jaquett v. Lydia B. Allabaugh. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Issue to determine the validity of a judgment against a married woman. Before SWARTZ, P. J.

The facts appear by the opinion of the Superior Court.

The jury returned the following verdict.

In answer to the question, Did Lydia B. Allabaugh sign the note as accommodation maker, guarantee or surety for her husband, John Allabaugh, in the payment of part of the purchase money for which he had obligated himself individually in connection with the purchase by him of the stock and fixtures of a certain grocery store in North Wales sold to him by said Jaquett, and whether anything is due by defendant to plaintiff upon said note?˙they find that Lydia B. Allabaugh signed said note as surety for her husband, and that nothing is due on said note.

The court entered judgment on the verdict.

*Error assigned* amongst others was in submitting the case to the jury.

*N. H. Larzelere*, with him *M. M. Gibson* and *G. R. Fox*, for appellant, cited: Phillips v. Meily, 106 Pa. 543; Reigart v. White, 52 Pa. 438 ; Dusenberry v. Mut. Life Ins. Co. of N. Y., 188 Pa. 461; Patrick & Co. v. Smith, 165 Pa. 526 ; Kuhn v. Ogilvie, 178 Pa. 307 ; Spotts's Est., 156 Pa. 284; Abell v. Chaffee, 154 Pa. 254; Siebert v. Valley Nat. Bank, 186 Pa. 233 ; Stahr v. Brewer, 186 Pa. 625 ; Oberly v. Oberly, 190 Pa. 341; Penna. Trust Co. v. Kline, 192 Pa. 1.

*G. Herbert Jenkins*, for appellee, cited: Patrick & Co. v. Smith, 165 Pa. 526 ; Wiltbank v. Tobler, 181 Pa. 103; Weigle v. Mercer, 1 Pa. Superior Ct. 490 ; Harley v. Leonard, 4 Pa.

Superior Ct. 431; Henry v. Bigley, 5 Pa. Superior Ct. 503; Abeles v. Powell, 6 Pa. Superior Ct. 123; First National Bank v. Short, 15 Pa. Superior Ct. 64.

OPINION BY ORLADY, J., March 19, 1901:

The plaintiff entered a judgment by confession against Mrs. Lydia B. Allabaugh. On the petition of the defendant a special issue was framed by the court to determine the question as to whether Mrs. Allabaugh signed the note, on which the judgment was founded, as accommodation maker, guarantor or surety for her husband, John Allabaugh, in the payment of part of the purchase money for which he had obligated himself individually in connection with the purchase by him of the stock and fixtures of a certain grocery store, sold by Thomas B. Jaquett. The jury to whom this issue was submitted found as a fact that Mrs. Allabaugh signed the note as surety for her husband, and, by order of the court pursuant thereto, the judgment was stricken from the record. The transaction between the plaintiff and the defendant was a very simple one, and was complicated only by the evident intention of the plaintiff to make the defendant liable to him for $300, which sum was a part consideration of the purchase price of property which the plaintiff was then selling to the husband of the defendant.

The plaintiff agreed to sell a small store to John Allabaugh for $585. Two hundred and eighty-five dollars of this amount was provided for in notes of John Allabaugh to the plaintiff, who insisted that the balance ($300) should be paid to him in cash. The husband could not pay this sum, nor any part of it. Outside negotiations failed and in order that the amount might be paid in money, the plaintiff suggested, at a meeting at which the plaintiff, the defendant, her husband, and another party were present, and each and all clearly understood the purpose of the transaction, that the note in controversy, for $300, be prepared, signed by Mrs. Allabaugh and by her delivered to the plaintiff, in consideration of which the plaintiff should give his check for a like amount to the order of defendant, who should then indorse it and hand it to her husband, and he in turn should indorse it and pass it to the plaintiff in payment of the $300 balance of purchase money due by him to the plaintiff; all of which was accordingly done. To preserve the business solemnity of the transaction, the plain-

tiff then gave to John Allabaugh the following receipt, " Received of John Allabaugh, $585, check, $300, notes, $285, for stock and fixtures of meat and provision store." The result of this complicated transaction was that the debt of the husband was paid by the plaintiff's check to the wife, and that the security given by the wife for the plaintiff's loan to her was the means used to raise the money which paid the husband's debt to the plaintiff. Whatever name be given to the several stages of the transaction, or however ingeniously the writings may be worded, the fact remains that the wife was not buying from the plaintiff, and that the payment of the husband's debt was effected through her note to the plaintiff. The note purports that the wife owes the plaintiff the identical $300 which the husband paid to the plaintiff. Yet, no money changed hands. At the end of the proceeding the plaintiff had his check again and also the note of the wife for a like amount. The debt of the husband was paid by the wife and the property of the wife was liable under this note for the sum she had paid for her husband. As in Patrick & Co. v. Smith, 165 Pa. 526, it was a transparent device adopted to evade an express statutory enactment. That it was the intention of the plaintiff to confuse the transaction by having the wife, apparently assume the husband's debt, and thereby appear to the principal in her obligation to her husband's creditor, through the arranged contrivance of that very creditor, was manifest from his own testimony. The law has wisely safeguarded the property of the wife from such designing practices and has specifically provided the only way by which she is permitted to bind her real estate. The ceremony observed is not material, the law looks behind the mere form so as to get at the real facts: Kuhn v. Ogilvie, 178 Pa. 307; Wiltbank v. Tobler, 181 Pa. 103; Harper v. O'Neil, 194 Pa. 141; First Nat. Bank v. Short, 15 Pa. Superior Ct. 64.

The verdict was based on sufficient evidence, under proper instructions, and the judgment is affirmed.