# Keystone Brewing Company *v.* Varzaly, Appellant.

*Judgment—Opening judgment—Signatures of note—Husband and wife—Evidence—Principal and surety.*

1. A judgment entered against a married woman on a judgment note will be opened where the testimony of the only subscribing witness called is to the effect that the note had been executed at a particular time and place, and this testimony is contradicted by that of the defendant's husband, son, daughter and family physician, to the effect that the defendant was at her home in another town sick in bed on the day stated by the subscribing witness, and had been sick at home for a considerable period prior to that day.

2. Where a wholesale liquor dealer furnishes liquor to a licensed hotel keeper, and receives from the latter's wife a judgment note containing the provision that "this note is given to secure anything which I may now, or at any time hereafter be owing to" the payees, and the latter knew that the wife had no interest in the business, although the sales were charged to her and her husband, a judgment entered on the note will be opened so as to determine whether or not the note was given by the wife as security for her husband's debt. ·

3. The Act of June 8, 1893, P. L. 344, forbidding a married woman to become surety for another, is not to be evaded by connivance with the payee of an obligation, and where the object of such an instrument is to give credit to another, it is not binding on the maker who was a married woman, notwithstanding it may appear on its face to be her contract for the payment of money. The form of the obligation is not decisive in such a case.

*Trial—Evidence—Cross-examination.*

4. To permit a plaintiff to introduce his case on cross-examination, is irregular and often unfair to the opposite party. Where evidence is so introduced, it is to be treated as testimony presented as if the witness had been examined in chief.

Argued March 3, 1909. Appeal, No. 28, March T., 1909, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1906, No. 699, discharging rule to open judgment in case of Keystone Brewing Company for R. C. Wills v. John Varzaly, Administrator of Annie Varzaly, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Rule to open judgment. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*P. F. Loughran,* and *A. A. Vosburg,* for appellant.—Where a married woman is sought to be held on an obligation as to which she claims that she is a surety for her husband, her liability is not determined alone by the form of the obligation, if the object is to evade the disability created by the statute. The fact, not the form, will determine her liability: Sibley v. Robertson, 212 Pa. 24; Henry v. Bigley, 5 Pa. Superior Ct. 503; Jaquett v. Allabaugh, 16 Pa. Superior Ct. 557.

*Charles Connell*, with him *Clarence Balentine*, for appellee, cited: Stephan v. Hudock, 4 Pa. Superior Ct. 474; Good Hope Bldg. Assn. v. Amweg, 22 Pa. Superior Ct. 143.

OPINION BY HENDERSON, J., April 12, 1909:

The plaintiffs obtained judgment against Annie Varzaly by virtue of a writing purporting to be an obligation for the payment of $600 dated March 25, 1905, and payable one day after date. The paper is signed by the mark of the obligor and witnessed by F. P. Butler and James J. Walsh. The defendant died soon after the judgment was entered; whereupon, letters of administration were issued to her husband, John Varzaly, who afterwards presented his petition to the court asking that the judgment be opened to permit him to make a defense. The judgment was objected to on two grounds: (1) that the note upon which it was entered was not signed by Annie Varzaly, nor by any person by her direction or on her behalf; and (2) that no consideration was received by Mrs. Varzaly for the obligation, and that any consideration which passed on account of it was to John Varzaly and not to Mrs. Varzaly. A consideration of the testimony taken on the rule to open the judgment leads us to a different conclusion from that reached by the learned judge of the court below. The plaintiffs' evidence shows that Mrs. Varzaly was a foreigner not familiar with the English language, except to the extent that she spoke "broken" English, and she did not sign her name to the paper alleged to be her obligation. F. P. Butler, one of the subscribing witnesses, was called in behalf of the plaintiffs and testified that the note was signed and delivered by Mrs. Varzaly, March 25, 1905, at the office of the Keystone Brewing Company in Dunmore. The other subscribing witness was not called to prove the paper. In support of the allegation that the note was not executed by Mrs. Varzaly, her husband, her son and her daughter all testified that she was at home in bed sick at Dickson City on the day when the plaintiffs claimed it was given in Dunmore; that she had been sick for a considerable period and was not away from home at that time. The daughter testified that her mother was sick in bed on March 17, and that she did

not get up for three weeks. There was also the testimony of Dr. Bower, Mrs. Varzaly's physician, who testified that he attended her in 1905 and 1906; that she was afflicted by acute gastritis; that he visited her on March 25, 1905; that she complained of pain, was very much emaciated and was in bed and that an ordinary person in her condition would not have gone out of the house. This evidence was strongly contradictory of the testimony of the witness, Butler, and raised an issue of fact on which the defendant was entitled to a trial by jury: Schomaker v. Dean, 201 Pa. 439. If the defendant's witnesses are believed the evidence discredits the note. It is not the case of a defense against a note admittedly executed by the defendant, but one where the instrument itself is attacked and where the evidence impeaching it is direct, positive and from the mouths of four witnesses. There is no suggestion that the note was signed at any other time or place or under any other circumstances than as stated by Butler, and if a jury should find on the evidence produced that Mrs. Varzaly was not at Dunmore when the note is said to have been given, a trial court would not be disposed to set aside the verdict. The learned judge considered the decisive question to be whether the note was executed by Mrs. Varzaly,—not whether she executed it on the particular day of its date,—and attached importance to the fact that the defendant called the subscribing witness, Butler, and that Butler testified to the genuineness of the obligation. As there is nothing to show that the note was signed at any other time than on the day of its date, and as the only evidence of the plaintiffs is that that was the day of its execution, it is difficult to see how one could conclude from the evidence that it was signed at some other time. It can hardly be said that the defendant proved the note by one of the subscribing witnesses. The occurrence was this—F. P. Butler, the manager of the brewing company, was called by the defendant and examined with reference to certain business transactions between him and John Varzaly and Annie Varzaly, but he was not examined in chief as to the genuineness of the note. On cross-examination, however, the plaintiff questioned him in regard to the execution of the note. This was not prop-

erly cross-examination; it was a part of the plaintiffs' case on which the witness testified in behalf of the plaintiffs. To permit the plaintiff to introduce his case on cross-examination is irregular and often unfair to the opposite party. Where evidence is so introduced it is to be treated as testimony presented as if the witness had been examined in chief: Hughes v. Westmoreland Coal Co., 104 Pa. 207; Clarke Co. v. R. R. Co., 27 Pa. Superior Ct. 251.

If, however, there was no doubt as to the validity of the note we think it clear that the second ground of defense justifies the opening of the judgment. According to the plaintiffs' own showing Mrs. Varzaly only received $100 on the day this note was given. The obligation contains this provision: "This note is given to secure anything which I may now or at any time hereafter be owing to either or both of the above named payees." These payees were engaged in the business of selling liquors. John Varzaly was a licensed hotel keeper. The liquors for which the plaintiffs claim the obligation was given were for use at this hotel. The plaintiffs knew that Varzaly had the license and that the goods were to be so used. The sales were charged to John Varzaly and Annie Varzaly. The plaintiffs knew or are presumed to have known that Annie Varzaly had no legal interest in the liquor business carried on by her husband. The transaction as exhibited by the plaintiffs' evidence has the appearance of an arrangement to secure credit for the husband, on the wife's obligation, and to hold her liable for her husband's debts. The form of the obligation is not decisive in determining the liability of a married woman. If the object be to evade the protection of the statute her liability will be determined by the fact, not by the form: Patrick v. Smith, 165 Pa. 526; Sibley v. Robertson, 212 Pa. 24; Jaquett v. Allabaugh, 16 Pa. Superior Ct. 557. The Act of June 8, 1893, P. L. 344, forbids that a married woman become accommodation indorser, maker, guarantor or surety for another. This provision is not to be evaded by connivance with the payee of an obligation, and where the object of such an instrument is to give credit to another it is not binding on the maker who is a married woman, notwithstanding it may appear on its face to be her contract for the payment

of money.  The goods to secure the payment for which this obligation was given went directly, according to the plaintiffs' own showing, into the hotel of John Varzaly for his use in the exercise of a license granted to him in the court of quarter sessions.  Mrs. Varzaly was not in the liquor business as the plaintiffs well knew, and their arrangement with reference to this note if Mrs. Varzaly signed it was apparently intended to aid John Varzaly in the prosecution of his own business.  Such being the complexion of the evidence the judgment should be opened to permit the defendant to show that the note was given for this purpose.  If Mrs. Varzaly received $100 when the note was given and the plaintiffs understood that she was getting it on her own credit and not for her husband the defense as to that amount would not be available, but if the consideration for the balance was, as appears to be admitted, liquor furnished to John Varzaly for use in his business or if the note stood as security for bills contracted by him in that business it is not an obligation of Mrs. Varzaly's estate.  We are of the opinion that such an issue of fact was presented on both of the grounds set up as entitled the defendant to a decree permitting him to make defense.

The order of the court discharging the rule to open the judgment is therefore reversed, the rule to open the judgment is reinstated and is now made absolute and the record remitted for further proceedings.