# Catanzaro, Appellant, *v.* Pennsylvania Railroad Company.

*Common carriers—Carriers—Railroads—Contracts for freight—Practice, C. P. — Nonsuit — Evidence — Admission of papers — Cross-examination.*

1. In an action against a railroad company to recover damages in connection with the carriage of freight, where the one question of fact was whether plaintiff's contract for transportation was with the defendant company, or with the initial carrier, and where from the testimony offered by plaintiff a parol contract with the defendant could easily be derived, the action of the trial judge in granting a nonsuit

constitutes reversible error, if the nonsuit is based upon the identification by plaintiff's chief witness on cross-examination of certain shipping orders and shipping receipts relied upon as a defense, and admitted in evidence, under objection by plaintiff "as part of the witness's cross-examination."

2. In such a case, the shipping orders and receipts constituted a defense essentially substantive in character, and could properly be introduced only after the defendant's case had been opened to the jury; and even if they were then introduced the case would still be for the jury if there were a question in the light of all the evidence, whether the shipping orders and receipts had superseded the oral contract which the plaintiff had offered testimony to prove.

*Carrier—Common carrier—Railroad companies—Initial carrier—Connecting carrier—Forwarder—Contract.*

3. If a railroad company having received frieght to be carried beyond its line, may make a connecting company its agent to carry to the place of final delivery, no reason is apparent why such company may not make a connecting company at the other end of its line, its agent to receive and deliver freight to it to be carried by it to its final destination. In such case the initial company becomes a forwarder only.

*Evidence—Admission — Interpreters — Foreigners — Conversation in presence of opposite party.*

4. In an action on a contract where the plaintiff, a foreigner, understanding English imperfectly, testifies that in making his alleged contract with the defendant company's agent, he was accompanied by his own agent, who was a fellow countryman, and acted as interpreter, the plaintiff is not entitled to testify to what his agent had told him in the presence of the defendant's agent as coming from the latter.

Argued Oct. 31, 1910. Appeal, No. 135, Oct. T., 1910, by plaintiff, from order of C. P. No. 4, Allegheny Co., Second T., 1908, No. 97, refusing to take off nonsuit in case of Salvatore Catanzaro, trading as S. Catanzaro & Company, v. Pennsylvania Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit for damages for injuries to freight.

CARNAHAN, J., stated the case as follows:

The plaintiff is a fruit dealer in the city of Pittsburg, and the defendant is a corporation of the state of Penn-

sylvania.   In December, 1906, the plaintiff purchased in
the city of Boston, Massachusetts, a large quantity of
Almeria grapes and lemons and arranged to have them
transported by rail to the city of Pittsburg.   The lines
of the defendant company did not extend to Boston.   It
has no railroad there, but it did have an office in that city,
which was in charge of a district freight solicitor, em-
ployed by defendant company.   The plaintiff, in com-
pany with another man, called upon the solicitor at his
office and claims that he contracted with him as an au-
thorized agent of the Pennsylvania Railroad Company
for the prompt transportation of his goods to Pittsburg
in warm and suitable cars, especially adapted for the
carrying of such perishable freight.   The man who ac-
companied him was an interpreter named Di Cola, and
it was through him and by him that all negotiations look-
ing to the transportation of the goods were conducted.
The conversation which took place at the office was in
the English language, of which language the plaintiff had
a very slight knowledge.   The interpreter was a fruit
broker, doing business in Boston.   He had bought these
goods for the plaintiff and was assisting him to arrange
for their shipment to Pittsburg.   He knew the freight
solicitor, and it was not unusual for the broker to ship
fruit from Boston over railroads to various points of the
United States.   The plaintiff left Boston for Pittsburg
before these goods were shipped, having given instruc-
tions to the interpreter, who was his agent at least in
this respect, to attend to their delivery at the cars.   When
the goods reached Pittsburg they were found to be dam-
aged.   The loss to the plaintiff was almost a total loss.
Claiming that his goods were in perfect condition when
shipped, that they were placed in cars dilapidated and
unfit for the carriage of such perishable goods, that they
were unnecessarily delayed on their way to destination,
and that the damage was the result of the railroad com-
pany's carelessness and negligence in these respects, he
brought this suit against the Pennsylvania Railroad

Company, basing it in his verbal contract with the district solicitor in Boston.

The court directed a compulsory nonsuit.

*Error assigned* was refusal to take off compulsory nonsuit.

*J. Roy Dickie*, with him *Wm. W. Wishart*, for appellant.—Defendant on cross-examination of plaintiff's witnesses will not be permitted to lead out new matter constituting his own case: Hughes v. Westmoreland Coal Co., 104 Pa. 207; Longenecker v. Penna. R. R. Co., 105 Pa. 328; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35; Sullivan v. Railroad Co., 175 Pa. 361; Auge v. Darlington, 185 Pa. 111; Leedom v. Leedom, 160 Pa. 273.

A point for binding instruction for defendant could not have been affirmed in the case at bar if these shipping receipts had been offered as part of defendant's own case: Union R. R. & Trans. Co. v. Riegel, 73 Pa. 72; Dungan, Hood & Co. v. Phila. & Reading Ry. Co., 41 Pa. Superior Ct. 269; Jennings v. Grand Trunk Ry. Co., 127 N. Y. 438 (28 N. E. Repr. 394); Strohn v. D. & M. Ry. Co., 21 Wis. 562; Lowenstein v. Lombard, Ayres & Co., 164 N. Y. 324 (58 N. E. Repr. 44); Vuille v. Penna. R. R. Co., 42 Pa. Superior Ct. 567.

The fact that a conversation was had through an interpreter affects the weight but not the competency of the evidence: Com. v. Vose, 157 Mass. 393 (32 N. E. Repr. 355).

*Thomas Patterson*, of *Patterson, Sterrett & Acheson*, with him *James R. Miller*, for appellee, cited as to the offering in evidence of the shipping receipts: Kann v. Bennett, 223 Pa. 36; Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:
The one question of fact in the case was whether the

plaintiff's contract for the transportation of his stock of fruit in suitable cars from Boston to Pittsburg was with the defendant company or with the Boston & Maine Railroad Company. Leaving out of consideration for the moment the evidence elicited by the defendant on the cross-examination of the plaintiff's chief witness, which it is claimed was improperly made part of plaintiff's case, and expressing no opinion in regard to the weight to be allowed it as a matter of defense, we are of opinion that on plaintiff's own proper showing, the case was one for the jury. From the testimony offered by the plaintiff, a parol contract with the defendant through its resident agent as traffic solicitor, out of which liability would attach, could easily be derived, involving a finding of agency on part of the Boston & Maine Railroad Company in receiving the plaintiff's fruit for shipment to the defendant company at the point of connection. If a railroad company, having received freight to be carried beyond its line, may make a connecting company its agent to carry to the place of final delivery, no reason is apparent why such company may not make a connecting company at the other end of its line, its agent to receive and deliver freight to it to be carried by it to its final destination. In such case the initial company becomes a forwarder only. The defense to the present action as stated in the affidavit filed was that the contract for cars and transportation was made with the Boston & Maine Railroad Company, the initial carrier, and not with the defendant company, and that the former company as agent of the plaintiff, and pursuant to his instructions, caused the cars loaded with plaintiff's fruit to be delivered to the latter at Wilkes-Barre, to be by it transported to Pittsburg. This defense was essentially substantive in character, and could properly be introduced only after the defendant's case had been opened to the jury. The rules governing such matters are intended not only to secure an orderly procedure in trials, but to prevent unfair advantage being taken. A witness

for the plaintiff testified in chief that he had represented the plaintiff in the purchase of the fruit at auction; that he was present at the agreement with the defendant's agent for its shipment to Pittsburg, acting as interpreter on the occasion; and that on the conclusion of the agreement the plaintiff returned to his home in Pittsburg, having charged the witness with the duty of seeing that the fruit was safely delivered to the carrier for shipment. The witness further testified that, as instructed, he had caused the fruit to be delivered at the place where the cars were provided for its shipment on the tracks of the Boston & Maine Railroad. On cross-examination he was shown certain papers which he identified as papers signed by himself acting for the plaintiff, which in point of fact were shipping orders for the plaintiff's fruit addressed to the Boston & Maine Railroad Company, and certain shipping receipts therefor from the latter company, six in number, one for each car employed, which he admitted had been delivered to him a day or two after the consignment had been made. At the conclusion of the cross-examination, counsel for defendant offered in evidence the papers so identified, "as part of the witness's cross-examination." The offer was objected to on the ground that it was an attempt to introduce a matter of defense on cross-examination of plaintiff's witness. The objection was overruled and the evidence admitted as offered. At the close of plaintiff's evidence a compulsory nonsuit was ordered. The appeal is from the refusal of the court to remove the nonsuit. It very clearly appears from the opinion filed in the case, that in ordering the nonsuit the learned trial judge was influenced solely by the evidence elicited on the cross-examination in regard to the orders for shipment and the receipts of the Boston & Maine Railroad Company. On no other ground was the nonsuit asked. As already said, the defense that plaintiff's contract was with the Boston & Maine Railroad Company was substantive in character. The evidence relied on was confined to the orders for shipment and the receipts.

Orderly procedure required that they should be withheld until the defendant had entered upon its case, but because the order of evidence is so largely committed to the discretion of the court, it is only where a disregard of settled rules in this particular results in prejudice, that it constitutes reversible error. Did prejudice here result? We repeat that on plaintiff's own showing the case was for the jury. It would have been none the less so had the shipping order and the receipts been introduced by the defendant as part of its own case. It would still have been for the jury to say what weight and effect would be allowed the order for shipment in light of all the evidence; and so with respect to the receipts or bills of lading which were delivered after the shipment. Neither could be conclusive against the plaintiff on the question as to whether they superseded the oral contract claimed to have been made with the defendant company, except as introduced by the plaintiff as part of his own case. For, after all, it would be a question of intention. Did the plaintiff intend, by making out these orders for shipment and accepting these receipts, under the circumstances developed, to abandon his contract with the defendant company and accept the Boston & Maine Railroad Company as his agent for the transportation? A clear legal presumption that he did might have arisen had he offered them without explanation, but not otherwise. The court improperly and against objection allowed the orders and receipts to be made part of plaintiff's case, and rested its nonsuit on them as though they had been offered by the plaintiff. The rule governing such matters is nowhere more clearly stated than by Mr. Justice Trunkey in Hughes v. Westmoreland Coal Co., 104 Pa. 207, where it is said "This court has rarely, if ever, reversed for an error in permitting a violation of the rules relating to cross-examination which did not result to the prejudice of a party. Where the defendant is improperly allowed to cross-examine the plaintiff's witness and educe matter of defense, the jury should consider the testimony

so drawn out as if the witness had been called and examined in chief on the part of the defendant. Under such circumstances it is error for the court to order a nonsuit on the ground that the plaintiff's own witness had testified to matter constituting a good defense."

The plaintiff is a foreigner understanding imperfectly our language. He had testified that in making his alleged contract with the defendant company's agent, he was accompanied by his own agent, Di. Cola, who was a fellow countryman and acted as interpreter. He was asked whether Di Cola had told him in the presence of the agent what the latter had said with respect to the contract. Having replied affirmatively he was then asked to state what Di Cola told him as coming from the agent. The exclusion of this evidence is the subject of the remaining assignment. The ruling was entirely correct. The fact that an interpreter was required is conclusive that the defendant's agent was unfamiliar with the language employed. He could not know whether Di Cola correctly represented to the plaintiff what he had said, and his assent to its correctness under such circumstances could not be implied. The several assignments relating to this are overruled. The other assignment, which we have heretofore discussed is sustained. The judgment is reversed with a venire facias de novo.