## Kellogg *v.* Mack Paving & Construction Co., Appellant.

*Evidence — Improper cross-examination — Attempt to inject de-
fense—Assignments of error—Appeal.*

In an action by attorneys-at-law to recover compensation for pro-
fessional services, a judgment on a verdict for plaintiffs will be
sustained on appeal, where the assignments of error are based on
the refusal of the trial judge to permit the defendants to cross-
examine the witnesses of the plaintiff for the purpose of eliciting
evidence to support the defense of payment, and it appears from the
record that the defendant offered no evidence at all at the trial.
In such a case the burden of showing harmful error rests clearly
on the appellant.

The order of proceedings in the trial court must of necessity be
left largely to the discretion of the trial judge. If a party be told
he may not offer certain evidence at one stage of the case, but will
have ample opportunity to introduce it later, no substantial harm
is apparently done to the party.

Argued Nov. 1, 1916.    Appeal, No. 199, Oct. T., 1916,
by defendant, from judgment of Municipal Court, Phila-
delphia Co., July T., 1915, No. 154, on verdict for plain-
tiff in case of Luther Laflin Kellogg et al., trading as
Kellogg & Rose, v. The Mack Paving & Construction
Company.    Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

400 KELLOGG *v.* MACK PAVING & C. CO., Appellant.

Assignment of Error—Opinion of the Court. [66 Pa. Superior Ct.

Assumpsit to recover fees for professional services. Before WHEELER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $544. Defendant appealed.

*Errors assigned* were various rulings on evidence as stated in the opinion of the Superior Court.

*Lester B. Johnson,* with him *Lewis H. Van Dusen,* for appellant.

*George Quintard Horwitz,* with him *Frank Smith,* for appellee.

OPINION BY HEAD, J., April 16, 1917:

The numerous assignments of error may be fairly disposed of by the consideration of any one of them. They severally rest on rulings of the learned trial judge sustaining objections to a line of questions asked by the learned counsel for the defendant. All of these questions were asked on cross-examination of the plaintiffs. The reason which prompted the learned trial judge to sustain the objections and make the rulings complained of is fairly indicated by this statement made during the consideration of one of these objections. "The Court: Under my theory of this case those questions are not proper cross-examination. They refer to matters of defense which should be brought out in your side of the case. The plaintiffs are suing for certain services from a given date. I will sustain the objection." It thus appears the questions referred to were objectionable, in the minds of the plaintiff's counsel and the court, not because they sought to elicit answers irrelevant to the issue or were without probative value, but simply because, asked when and as they were, confusion was likely to result and the trial be conducted in a disorderly way.

The issue was a simple one. The plaintiffs, attorneys-

at-law, brought this action to recover the value of certain professional services alleged to have been rendered by them to the defendant on its contract of employment. Their statement sets forth the facts they had been employed to conduct certain legal business in which the defendant was a party concerned; that for the services rendered after the employment down to a certain date, payment had been made; that for additional services, considerable in extent and value, as they alleged, performed after the date referred to, they had not been paid, and that such services were of a value stated. The affidavit of defense admitted the employment, the performance of professional services, and alleged the payment by the defendant of substantial sums of money which, according to its contention, were sufficient to compensate the plaintiffs for all of the services they had rendered. At the trial therefore the case of the plaintiffs in chief required they should but prove their employment, show that services had been rendered, and offer testimony tending to establish the money value of those services. All of this they did. On cross-examination of the plaintiffs a line of questions was propounded tending to open up the dealings between the parties prior to the time involved in the present action and apparently seeking to elicit from the mouths of these witnesses evidence to support the defense of payment. In other words, the defendant, not willing to await its proper opportunity to support by evidence the defense set up by its pleadings, sought to introduce that evidence from the plaintiffs themselves under the guise of cross-examination. It was the view of the learned trial judge, as indicated in his remarks already quoted, such a course of proceeding tended to make an obscure and disorderly record. It was not at any time intimated by him that the defendant should not have a full opportunity, at the proper time, to establish, if it could, its defense of payment. His rulings complained of therefore were, in essence and substance, but a direction that the case should be tried in a

designated orderly way, and they did not have the effect and were not intended to declare that defendant might not fully prove its case to the extent of its ability when the opportunity came to introduce the defense.

The defendant, apparently content to rest its case on the exceptions taken to the rulings of the trial judge, offered no evidence whatever and now urges that the judgment entered in the court below should be reversed because of the alleged harmful errors we have already indicated. There are two legal principles not to be lost sight of in a case of this kind, and it appears to us the logical effect to be given to their application would require us to sustain the rulings of the learned trial judge here complained of. It has been many times said by the Supreme Court and this court that the order of proceedings in the court below must of necessity be left largely to the discretion of the trial judge. In the nature of things it should be so. If a party be told he may not offer certain evidence at one stage of the case but will have ample opportunity to produce it later, it is difficult to see where any substantial harm is done by such a ruling.

We are not to be understood as saying that in no case could such a direction by the trial judge result in substantial harm. But in declining to offer evidence at all and choosing to stand on exceptions of the character indicated, the burden of showing harmful error rests clearly on the appellant. Again it has been often and for the soundest of reasons declared that: "It has been reiterated in this State that cross-examination must be confined to matters which have been stated in the examination in chief, and to such questions as may tend to show bias or interest in the witness; that to permit a party to lead out new matter, constituting his own case, under the guise of a cross-examination, is disorderly and often unfair to the opposite party; and that these rules are established for the purpose of eliciting truth and pre-

serving equality of the rights of parties in trials of causes.......In the order of examination of witnesses and the introduction of testimony, much must be left to the discretion of the court below," etc., per TRUNKEY, J., in Hughes v. The Westmoreland Coal Co., 104 Pa. 207. That case has been cited with approval many times beginning with Longenecker v. Penna. R. R. Co., 105 Pa. 328, down to Catanzaro v. Penna. R. R. Co., 230 Pa. 311, and Keystone Brewing Co. v. Varzaly, 39 Pa. Superior Ct. 159.

Under the conditions we have described we are not able to say the learned trial judge abused the discretion vested in him in conducting the trial and we are of opinion the record exhibits no reversible error. The assignments of error are overruled.

Judgment affirmed.