### THOMPSON-CONNELLSVILLE COKE CO. v. McKEEFREY IRON CO.

(Circuit Court of Appeals, Third Circuit. May 29, 1922.)

No. 2815.

Trial ⬤⟳165—Matter drawn out by defendant on cross-examination cannot be basis of compulsory nonsuit.

Under the law of Pennsylvania, when defendant introduces a matter of defense on cross-examination of plaintiff's witnesses, and succeeds in having the matter admitted in evidence, such matter cannot be the basis of a compulsory nonsuit, but the case should be submitted to the jury,

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which should consider the evidence so drawn out and admitted as though the witness had been called and examined in chief by defendant.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action at law by the Thompson-Connellsville Coke Company against the McKeefrey Iron Company. Judgment for defendant, and plaintiff brings error. Reversed.

W. J. Brennen, of Pittsburgh, Pa., and Sturgis, Morrow & Sturgis, of Uniontown, Pa., for plaintiff in error.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa. (Wm. M. Robinson and Samuel McClay, both of Pittsburgh, Pa., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ of error brings here for review a judgment of compulsory nonsuit. The facts of the case, at first perplexing, are these:

"Thompson-Connellsville Coke Company, by Producers' Coke Company, Sales Agents," entered into a contract with McKeefrey Iron Company for the sale to the latter concern of a given tonnage of Standard Connellsville Furnace Coke at a named price in monthly deliveries. The Iron Company admits having received all the coke covered by the contract and the Connellsville Company admits having been paid in full for the tonnage named in the contract. Yet the Connellsville Company brings this suit to recover from the Iron Company the contract price for 6,206 tons of coke shipped in two months of the contract term.

This seeming contradiction of facts had its rise in the circumstance that on the date of the contract mentioned, the Connellsville Company entered into a contract with the Producers' Coke Company for the sale to that concern of coke of the same grade, tonnage and deliveries, at a slightly lower price, under which contract the Connellsville Company later made full deliveries; and in the further circumstance that the Producers' Company made full deliveries of coke to the Iron Company under the first contract and full payment to the Connellsville Company for the coke delivered to it under the second contract. In this situation the Iron Company contends that its contract, although nominally with the Connellsville Company was actually with the Producers' Company, describing itself as Sales Agents, and that, having received coke deliveries from the Producers' Company made on and for its own account, it, the Iron Company, was in position to credit or offset its indebtedness to the Producers' Company against a larger indebtedness already due and owing by the Producers' Company to the Iron Company arising from previous litigation. 267 Fed. 22.

At the trial the case resolved itself into the question whether the shipments of coke, admittedly made by the Producers' Company and received by the Iron Company, were made by the Producers' Company (as the plaintiff contended) at the instance or upon the procurement of the Connellsville Company, or were made by the Producers' Company (as the defendant contended) on and for its own account.

The trial of this issue placed upon the Connellsville Company (the plaintiff) the burden of showing that it had performed the contract by making coke deliveries to the Iron Company. In cross-examining the plaintiff's witnesses when testifying to plaintiff's performance, the defendant pursued a line in the development of its defense which was not limited to cross-examination on matters brought out in the direct examination but extended to demands made upon the plaintiff for the production of documents; the examination of the witnesses upon those documents when produced; the offer of the documents in evidence; and, ultimately, their admission in evidence over the objection of the plaintiff. This evidence, introduced by the defendant in the plaintiff's case, comprised more than thirty documents and were of a character tending directly, and quite substantially, to prove the defense pleaded. When the plaintiff rested, the court directed a judgment of compulsory nonsuit and the plaintiff, failing on a motion to strike off the nonsuit, sued out this writ of error, raising three questions on the one error assigned, namely, the sufficiency of the evidence of performance; the proper party plaintiff; and the power of the court to enter a compulsory nonsuit after the introduction of evidence by the defendant.

The evidence introduced by the defendant in the plaintiff's case in chief was so voluminous and so relevant to the defense that it is quite impossible to separate it from the case made by the plaintiff and to determine whether, without the defendant's evidence, the plaintiff's evidence was sufficient to submit to the jury on the issue of performance. For the same reason it is equally impossible to determine whether the Connellsville Company or the Producers' Company was the proper party plaintiff. Therefore, we shall dispose of the assignment on the third question which relates to the power of the court to enter a judgment of compulsory nonsuit in the circumstances.

The law of Pennsylvania on this subject is clear. It is to the effect that when a defendant introduces a matter of defense on cross-examination of plaintiff's witnesses and succeeds in having the matter admitted in evidence, the case should be submitted to the jury and the jury should consider the testimony so drawn out and admitted as though the witness had been called and examined in chief on the part of the defendant. This being the law, the matters of defense here proved in the plaintiff's case and elicited from the plaintiff's witnesses cannot be the bases of a nonsuit. Hughes v. Westmoreland Coal Co., 104 Pa. 207, 213; Catanzaro v. Pennsylvania R. Co., 230 Pa. 305, 310, 311, 79 Atl. 624; Smith v. Standard Steel Car Co., 262 Pa. 550, 556, 106 Atl. 102.

The question of the power of the court to grant the nonsuit in this case was considered on the motion to strike off the nonsuit and argued in the briefs on this writ of error as though the power were to be determined according as the cross-examination was "proper" or "improper." Whether the cross-examination was or was not permissible under the law of evidence is a question which is not before us. Although exception was noted to the admission of the defendant's documentary testimony, no assignment of error is based on it. Without regard to whether the course pursued by the defendant of introducing

its documentary defense in the plaintiff's case in chief was proper or improper, that course inevitably, under the Pennsylvania decisions, foreclosed any right which otherwise the defendant might have had to a compulsory nonsuit. That and that alone is the question before us. Being persuaded by the authority and reasoning of the Pennsylvania decisions, we are of opinion that the trial court committed error in entering judgment of nonsuit, and direct that the judgment below be reversed and a new trial awarded.