### City of Philadelphia to Use *v.* Stange et al., Appellants.

Argued October 12, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Samuel Kagle,* and with him *George C. Klauder,* for appellants.

*Thomas F. Mount,* and with him *Joseph W. Henderson* of *Rawle and Henderson,* for appellee.

Opinion by Keller, J., December 11, 1931:

This was an action by a subcontractor, who hauled dirt used in filling a city street to grade, against the contractor and his surety. It was brought on a bond given pursuant to an ordinance of the City of Philadelphia requiring the contractor for the erection, construction, etc., of public work to execute an additional bond conditioned for the payment to persons performing labor or furnishing materials in and about said work of all sums of money due them by reason thereof. After completing his subcontract Siciliano assigned his claim against the contractor to Woehling.

The assignments of error raise five questions.

(1) The ordinance authorized the bond in suit and gave Siciliano the right to sue upon it in the name of the city to his use. Having this right he could assign it to Woehling. The latter stands in the place of Siciliano and can recover only in his right and to the extent of his claim. The cases relied upon by appellants were all cases where the subcontractor had no right of action on the bond. They do not forbid the assignment of a claim by a subcontractor having a right of action on the bond given expressly for his protection and that of others furnishing labor or materials to the public work, or the right of the assignee to enforce the assignor's rights in an action brought in the latter's name, to the assignee's use: Phila. to use of McFarland, Assignee of Lanno et al. v. McLinden, 205 Pa. 172; American Mfg. Co. v. S. Morgan Smith Co., 25 Pa. Superior Ct. 176; C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399.

(2) Whether the use plaintiff, prior to bringing suit, furnished the City of Philadelphia indemnity approved by the City Solicitor against the costs and expense of the action, was a matter between the City and the use plaintiff, which was of no concern to the defendants. In default of such security the City could

discontinue the action, but the defendant could take no advantage of it.

(3) The hauling of dirt used in filling the street to grade was within the terms of the bond conditioned for the payment of "all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the said contract": Phila. v. Tradesmen's Trust Co., 38 Pa. Superior Ct. 286.

(4) The "tickets" which were given the drivers of the trucks hauling dirt by the foreman on the job, were not the "best evidence" within the rule excluding secondary evidence in the absence of explanation of failure to produce primary evidence. They were not contracts, or documents necessary to be proved, but mere receipts or memoranda, and did not exclude oral evidence on the subject. See 2 Wigmore on Evidence, Secs. 1173-1175; 1 Greenleaf on Evidence, Sec. 82; Exrs. of Shoenberger v. Hackman, 37 Pa. 87; McCullough v. Holland Furnace Co., 293 Pa. 45, 51; Williamsport v. Gas & Water Co., 232 Pa. 232, 249.

(5) The refusal of the court below to permit the defendant to introduce its defense by way of cross-examining plaintiff's witnesses was entirely proper. The order of proof is largely in the discretion of the trial judge: Kellogg v. Mack Paving & Const. Co., 66 Pa. Superior Ct. 399; Kress House Moving Co. v. Geo. Hogg Co., 263 Pa. 191.

The assignments of error are overruled and the judgment is affirmed.