# Hepps v. LaBrum & Doak

*Kenneth L. Mirsky,* for plaintiff.
*Kimberly M. Dolan,* for defendant.

NEW, *J.,* June 14, 2001—

## PROCEDURAL AND FACTUAL HISTORY

In December 1999, plaintiff Michael B. Hepps, Esquire, filed a legal malpractice suit against defendant LaBrum & Doak based on alleged negligent prosecution of plaintiff's claim against General American Life Insurance Company, Paul Revere Life Insurance Company and others.

Plaintiff alleges he developed tinnitus, a ringing in the ears, in 1991 after listening to the 1812 Overture on full blast while wearing headphones. In 1993, the ringing finally became so severe that plaintiff was unable to work as a trial attorney. He therefore submitted a claim for total disability under his policy with General American. General American paid plaintiff benefits while investigating his claim.

In December of 1994, Paul Revere, who had taken over the handling of the claim from General American, notified plaintiff that plaintiff was not disabled under the terms of his policy. Since plaintiff was not considered disabled, he was not entitled to the policy's waiver of premium provision which relieved individuals who were totally disabled from paying the quarterly premium. On the advice of defendant, plaintiff paid the past due premiums and placed future premiums into an escrow ac-

count. In September 1995, General American refused to accept the escrowed funds as payment.

Due to a subsequent conflict of interest, defendant withdrew from representing plaintiff 21 months prior to the trial date. Plaintiff promptly retained Sprague & Sprague to finish the litigation. Subsequently, plaintiff decided to settle the underlying litigation.[1]

In plaintiff's action against defendant, he alleges defendant committed legal malpractice by encouraging plaintiff to place the future premiums into escrow and by withdrawing from plaintiff's case. To this date, plaintiff has provided no expert testimony to support his claims of legal malpractice.[2]

On April 2, 2001, defendant filed a motion for summary judgment. On May 10, 2001, this court issued an order granting defendant's motion. Plaintiff now appeals.

## LEGAL ANALYSIS

It is the well accepted standard that when determining whether to grant a motion for summary judgment, the

---

1. According to the terms of the settlement, plaintiff received $10,000 in addition to the $90,000 worth of disability benefits he had already received, and defendant withdrew its counterclaim that plaintiff had committed insurance fraud.

2. On April 28, 2000, this honorable court issued a case management order giving plaintiff until February 5, 2001, to produce expert reports. On February 21, 2001, this court issued a revised case management order giving plaintiff until March 5, 2001, to produce expert reports. In his brief filed on May 2, 2001, plaintiff requested an additional 30 days from any ruling on the motion in order to produce an expert report. However, this court finds plaintiff has been provided more than ample time within which to procure an expert. Furthermore, the court denies to consider such an informal request contained only in the body of a response brief to defendant's motion.

court must view the record in the light most favorable to the non-moving party and determine whether the moving party has established that there exists no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Emery v. Leavesly McCollum,* 725 A.2d 807, 810 (Pa. Super. 1999). The non-moving party is entitled to all reasonable inferences. *Id.* Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor, and summary judgment is appropriate only in the clearest of cases. *Id.*

Expert testimony is required in a legal malpractice case "when the subject matter of the inquiry is one involving special skills and training not common to the ordinary layperson." *Storm v. Golden,* 371 Pa. Super. 368, 376, 538 A.2d 61, 64 (1988). Whether or not expert testimony is required in a legal malpractice case is contingent upon whether the alleged breach of duty involves too complex a legal issue so as to necessitate explication by expert evidence. *Id.* at 377, 538 A.2d at 65.

Both of plaintiff's allegations of legal malpractice are clearly of such a nature that requires expert testimony. Plaintiff alleges defendant improperly advised plaintiff to place the funds in escrow. It is beyond the ordinary comprehension of most lay people to determine under what circumstance it is appropriate to place funds in escrow as well as the role of an attorney in advising their client as to the escrowing of funds in this particular situation.

Plaintiff's other allegation that defendant improperly terminated its attorney-client relationship with plaintiff also requires expert testimony. In the instant matter, defendant withdrew from representing plaintiff due to a

conflict of interest. Shortly before defendant's withdrawal, Genex, a longtime client of defendant's, was purchased by Provident Insurance Company. At approximately the same time, Provident also purchased Paul Revere, the company who was handling plaintiff's claim. Clearly, a jury would need an expert to interpret and explain the Pennsylvania Model Rules of Professional Conduct to clarify for them under what circumstances it is permissible to withdraw from a case due to a conflict of interest.

Finally and most importantly, the larger overarching issue of when plaintiff became disabled according to the terms of his insurance policy and what effect this would have had on the outcome of the case requires the testimony of a legal expert. Plaintiff must present expert testimony to establish when he became materially and substantially unable to perform his work as a trial attorney and specifically, whether the duties he was performing at certain times were consistent with those of a trial attorney. A layperson, unfamiliar with the daily work of attorneys, cannot adequately assess what tasks with what frequency are performed by trial attorneys. Expert testimony is also required to interpret the language of the policy and any alleged breaches of contract as they relate to plaintiff's claimed disability.

As plaintiff has provided no expert evidence to support his claims of legal malpractice, defendant's motion for summary judgment was properly granted.

Wherefore, for all the above stated reasons, this court's order should be affirmed.