(183 P.3d 1)
No. 97,919

NARVINDER SINGH, *Appellant,* v. DONALD C. KRUEGER, *Appellee.*

Opinion filed May 9, 2008.

*Ronald A. Lyon,* of Wichita, for appellant.

*James M. Yeretsky, Susan Kulp Stolle,* and *Christopher C. Confer,* of Yeretsky & Maher, L.L.C., of Overland Park, for appellee.

Before GREENE, P.J., PIERRON and MARQUARDT, JJ.

MARQUARDT, J.: Narvinder Singh appeals the district court's dismissal of his breach of contract claim and the grant of summary judgment to Donald C. Krueger. We affirm.

Singh, an over-the-road truck driver, pled guilty to one count of conspiracy to deliver marijuana and one count of no tax stamp after more than 300 pounds of marijuana were found in his semi-trailer truck. Singh claimed that he had no knowledge of the drugs and that they belonged to the other driver.

After he was charged, Singh retained Krueger to represent him. Singh claims that he was surprised when Krueger raised the issue of Singh pleading guilty because Singh knew that he was not guilty. However, Krueger was concerned that the large amount of marijuana would trigger federal prosecution and a possible prison sentence of 15 to 20 years. Singh estimated that Krueger spent less than 1 hour with him prior to the disposition of his criminal case.

Even though Singh is not a United States citizen, he is here legally. He testified that he expressed concerns to Krueger that a guilty plea would cause him to be deported. Krueger allegedly told Singh that he did not need to worry about that because "that's not going to happen." Singh ultimately pled guilty to the two charges and received a sentence of incarceration in March 2004.

In September 2004, Singh filed a motion to withdraw his guilty plea, arguing that Krueger was ineffective because he spent less than 1 hour with Singh prior to his plea, never reviewed the affidavit in support of the complaint with Singh, failed to provide adequate information about the possibility of deportation, and was mistaken as to the likelihood of federal preemption.

The district court held a hearing to consider Singh's motion. The district court determined that Singh received ineffective assistance of counsel and set aside his plea. In the journal entry, the district court stated that were it not for Krueger's "unprofessional errors," there was a reasonable probability that Singh would have proceeded to trial. Singh served his sentence while his motion to withdraw his plea was pending. After he was allowed to withdraw his plea, Singh and the State entered a diversion agreement.

A disciplinary investigation determined that none of Krueger's actions rose to the level of professional misconduct.

In October 2005, Singh filed a petition claiming that Krueger breached his contract with him when Krueger failed to perform certain duties while representing Singh. Singh also claimed that Krueger committed legal malpractice.

Singh designated District Court Judge W. Lee Fowler as his expert witness. Judge Fowler was the judge who ruled that Krueger provided Singh ineffective assistance of counsel and granted Singh's motion to withdraw his plea. Krueger filed a motion to

strike Judge Fowler as an expert witness, claiming that it was improper for a trial judge to serve as an expert. Singh eventually withdrew Judge Fowler's name from his witness list. Singh then stated that he had "no intention of designating or calling any expert witness in the trial of this case."

Krueger filed a motion for summary judgment asserting that it would be impossible for Singh to prove professional malpractice without the testimony of an expert witness. Krueger asserted that Singh's claim required an expert to clarify for the jury what constituted ordinary skill and knowledge. Krueger also filed a motion to dismiss Singh's breach of contract claim on grounds that it was not a claim for which relief could be granted.

The district court held a hearing to consider Krueger's motions. After hearing arguments from counsel, the district court ruled this was not the type of case that could be tried without an expert because none of the issues raised by Singh were within "the common knowledge of a lay person." Krueger's motions for summary judgment and dismissal were granted. Singh appeals.

On appeal, Singh contends that Kansas law does not require expert testimony in a legal malpractice action if the failure to use due care is "so clear or obvious" that the finder of fact could use common knowledge to find a deviation from the standard of care.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

In Kansas, in order to prevail on a legal malpractice claim, a plaintiff is required to prove: (1) the duty of the attorney to exercise ordinary skill and knowledge; (2) a breach of that duty; (3) a causal connection between the breach of duty and the resulting injury; and (4) actual loss or damage. *Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911, *cert. denied* 540 U.S. 1090 (2003). Generally, expert testimony is required to establish the appropriate standard of care and causation because such matters are outside the knowledge of the average person. *Perkins v. Susan B. Allen Memorial Hospital,* 36 Kan. App. 2d 885, 888, 146 P.3d 1102 (2006).

Because of the lack of Kansas cases dealing with the necessity of an expert witness in a legal malpractice action, cases from other jurisdictions are instructive. In *Storm v. Golden*, 371 Pa. Super. 368, 538 A.2d 61 (1988), a client filed an action for legal malpractice, charging that the attorney failed to properly monitor the movement of certain funds after the sale of residential property. The court noted that the standard of care in a legal malpractice case is "whether the attorney has exercised ordinary skill and knowledge related to common professional practice." 371 Pa. Super. at 375. It was the court's opinion that the "specific standard of care attributed to legal practitioners necessitates an expert witness' explanation where a jury sits as the fact finder." 371 Pa. Super. at 375-76. In so finding, the court noted there was an enormous range of behavior which might constitute legal malpractice. The court believed that some actions, such as neglecting to file an action within the statute of limitations, would be a clear-cut breach, while the judgments involved in trial tactics would "obviously" require guidance for the jury. It was the court's opinion that most cases would fall somewhere in the middle, requiring expert testimony. 371 Pa. Super. at 376-77.

In *Sommers v. McKinney*, 287 N.J. Super. 1, 670 A.2d 99 (1996), a malpractice action regarding a fee dispute challenged counsel's handling of the plaintiff's case involving her tenured status. The appellate court in *Sommers* stated: "Stripped to its essentials, plaintiff asserts that she accepted a settlement offer far inferior to one previously tendered because her attorney inadequately prepared the case, failed to submit a legal argument to support her tenure

claim and misrepresented the state of the case to her." 287 N.J. Super. at 11. Given that fact, the court ruled that Sommers need not present expert testimony because the jury was not being asked to evaluate the attorney's judgment. Rather, Sommers' claim was basically that "no work was done to advance her case" and her attorney misrepresented the facts to her in order to "induce her to settle the case and collect his fee." 287 N.J. Super. at 11.

Initially, the *Sommers* case appears to be instructive because it involves an attorney improperly inducing a settlement without informing the client of all relevant facts. However, we believe *Sommers* is distinguishable. The most obvious difference is that *Sommers* involved a civil case, where there was no potential for incarceration.

In the instant case, the time that Krueger spent with Singh was a minor issue. As the district court noted, the brevity of Krueger's consultations with his client could be attributed to Krueger's experience. Krueger's concern with federal preemption and Singh's possible deportation were more critical.

At Krueger's disciplinary hearing, Judge Fowler acknowledged that federal involvement was a threat since such a large amount of marijuana was found in Singh's truck. However, he did not believe that should have been a factor in Singh's guilty plea, because the federal government could have taken the case even after prosecution was initiated.

Judge Fowler also testified that Singh's concern about deportation was justified, noting that even individuals placed on probation were likely to be deported. Judge Fowler recalled that Krueger testified he told Singh if he had questions about deportation, he should consult with an immigration attorney.

The two issues Singh raised involved matters outside the common knowledge of a lay person. The intricacies of the interplay between state and federal jurisdiction, the customs of a particular court, and the federal law surrounding immigration and deportation are all specialized areas of the law about which a lay juror would not know. Accordingly, we do not believe there was any way Singh could prove deviation from the standard of care without the

use of expert witness testimony. The district court properly granted Krueger's motion for summary judgment on that issue.

After Singh agreed not to call Judge Fowler as his expert witness, he still indicated his intent to call the judge as a fact witness. Krueger filed a motion in limine seeking to exclude that testimony, arguing that it was improper to require the judge to publicly "take sides" in litigation.

After hearing arguments from counsel, the district court noted that the issue was most likely moot. However, the court said that a judge who issued rulings in the same case at a prior hearing will not be allowed to testify as a fact witness in a later hearing because it would require that judge to justify his or her prior rulings.

On appeal, Singh acknowledges that this court need only reach the merits of the argument if it reverses the district court's ruling on the motion for summary judgment. As this court believes the ruling on the summary judgment motion was proper, we agree with the district court that the matter is moot. See *Rodarte v. Kansas Dept. of Transportation*, 30 Kan. App. 2d 172, 183, 39 P.3d 675, *rev. denied* 274 Kan. 1113 (2002).

Affirmed.