## Frost v. Fox Rothschild, LLP

296

*Mark B. Frost,* pro se.

*Thomas D. Paradise* and *Robert S. Tintner,* for defendant.

LACHMAN, *J.*, November 12, 2010—

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff-Appellant Mark. B. Frost, Esquire ("plaintiff"), appeals from the entry of summary judgment in favor of defendant Fox Rothschild, LLP ("defendant" or "Fox Rothschild"), and the dismissal of this case. This is a legal malpractice action arising out of the divorce of plaintiff from his wife. Plaintiff is an attorney and represented himself in the legal malpractice action.

The divorce action was litigated in the New Jersey Superior Court for Burlington County, Chancery Division/ Family Part. Plaintiff hired defendant Fox Rothschild which assigned Barbara Ulrichsen, Esquire, a Fox Rothschild partner, to represent plaintiff in the divorce. Plaintiff alleges that Ulrichsen was his attorney from June 2004 until the end of 2007, and that Ulrichsen left the defendant's firm in June 2007. A final judgment of divorce was entered on August 25, 2006.

Plaintiff filed two separate actions in the Philadelphia Court of Common Pleas against Fox Rothschild. The first action was commenced by writ of summons on May 27, 2008, at May Term, 2008, No. 03292. The second was commenced by complaint on July 23, 2008, at July, Term 2008, No. 03191. Fox Rothschild filed a motion to consolidate both cases on December 22, 2008. Judge Howland W. Abramson granted the consolidation motion on January 20, 2009, and ordered that both "matters are to be consolidated under the May Term, 2008 NO 3292."

A complaint was never filed in the May Term case. Instead, the parties treated the complaint filed in the July Term case as applicable to both actions. Both parties attached copies of that complaint to their filings on the summary judgment motion at issue in this appeal.

The first count of the complaint asserts a cause of action for legal malpractice based on the following alleged acts of negligence by defendant in the divorce case:

(a) negligently representing Frost;

(b) failing to obtain a vocational expert;

(c) failing to reach a settlement agreement as authorized by plaintiff;

(d) failing to provide valuations of plaintiff's personalty;

(e) negligently causing the plaintiff to pay $19,835 of his ex-wife's expert witness fees;

(f) negligently causing the plaintiff to pay 30%, or $48,367, of his former wife's attorney's fees and costs;

(g) failing to maintain attorney-client confidentiality;

(h) negligently causing the matter to become unnecessarily complex and protracted;

(i) failing to appeal the court's order of equitable distribution in the amount of $269,036.24; and

(j) negligently representing the plaintiff with respect to post-trial motions and post-trial relief.

The second count of the complaint averred a claim for breach of fiduciary duty based on the following:

Plaintiff learned from third parties not affiliated with the litigation that certain personal and confidential information was stated to them concerning the

representation in this matter.

The first case management order in the legal malpractice action required plaintiff to "identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 04-JAN-2010." See, case management order dated November 14, 2008, Abramson, *J.*

On December 7, 2009, Judge Abramson granted the plaintiff's motion for extraordinary relief and extended all case management deadlines by sixty days. The new case management order required that "plaintiff shall submit expert reports not later than 01-MAR-2010." See, case management order dated December 7, 2009, Abramson, *J.* On March 17, 2010, Judge Abramson denied plaintiff's second motion for extraordinary relief and refused to extend the case deadlines.

Defendant filed a summary judgment motion on April 5, 2010. The sole issue raised by the motion was whether summary judgment should be granted because the plaintiff never identified an expert witness and did not produce an expert report. Defendant contended that the standard of care issues in this case were complex and were beyond the ordinary understanding of a juror so that expert testimony was needed to explain those issues. Plaintiff asserted that the standard of care issues were so simple that the jury could understand them without the need for an expert to explain them.[1]

---

1. In responding to the summary judgment motion, plaintiff did not state that he would give expert opinion testimony, did not state that he was capable of explaining the legal concepts to the jury, and did not argue that his own testimony was sufficient to meet the requirement for expert evidence.

The court agreed with the defendant and granted the motion for summary judgment in an order dated June 29, 2010. The order was placed on the docket on July 1, 2010. Plaintiff filed a timely notice of appeal on July 30, 2010.

On August 26, 2010, the court entered an order pursuant to Pa.R.A.P. 1925(b) requiring plaintiff to serve upon the court a copy of the statement of issues he intended to raise on appeal within 21 days. On September 16, 2010, plaintiff filed his Pa.R.A.P. 1925(b) statement setting forth the following issues on appeal:

1. The Judge wrongfully granted defendants [sic] motion for summary judgment on June 29, 2010. Under Pa.R.C.P. 1035.2, a court shall enter summary judgment if "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery." *Toy v. Metropolitan Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 194-195 (Pa. 2007). In this case summary judgment was not appropriate because there is a genuine issue of fact in dispute: whether or not Ulrichsen and defendant Fox Rothschild failed to exercise ordinary skill in representing plaintiff in his divorce.

2. Plaintiff submitted evidence sufficient to prove legal malpractice, even without expert testimony. Plaintiff does not need to submit expert testimony in order to prove that these actions and omissions by defendant constituted malpractice. Expert testimony is not required when the matter under consideration is simple and the lack of ordinary care is obvious and

within the range of comprehension of the average juror. *Smith v. Yohe,* 412 Pa. 94, 194 A.2d 167 (1963); *Storm v. Golden,* 538 A.2d 61(Pa. Super. 1988); *Burns v. City of Philadelphia,* 504 A.2d 1321 (Pa. Super. 1986). In this case, defendant's failures to exercise ordinary care will be easy for jurors to understand without the benefit of an expert. Expert testimony is therefore unnecessary in this case.

3.   Plaintiff submitted evidence sufficient to support a claim for breach of fiduciary duty. In a legal malpractice case, a breach of contract occurs when an attorney fails to follow a specific instruction of his client. *Hoyer v. Frazee,* 470 A.2d 990 (Pa. Super. 1984). In the instant matter, defendant clearly breached its contract with plaintiff because defendant failed to follow plaintiff's instructions to settle the case, which resulted in damages in excess of one hundred thousand dollars in attorney's fees and other monetary damages.

The June 29, 2010, order granting summary judgment should be affirmed because none of the issues set forth in plaintiff's Pa.R.A.P. 1925(b) statement has merit.

## ANALYSIS

A. *The Issues in This Case Required Expert Testimony*

Plaintiff's first two issues on appeal will be addressed together because both are dependent upon whether expert testimony was needed in this case.

In order to establish a claim of legal malpractice, a plaintiff/aggrieved client must demonstrate three basic elements:

(1) employment of the attorney or other basis for a duty;

(2) the failure of the attorney to exercise ordinary skill and knowledge; and

(3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1029 (1998).

"Expert testimony becomes necessary when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." *Storm v. Golden*, 538 A.2d 61, 64 (Pa. Super. 1988). Thus, "by its very nature, the specific standard of care attributed to legal practioners [sic] necessitates an expert witness' explanation where a jury sits as the fact finder." *Id.* at 375-376, 538 A.2d at 64.

However, "[i]f all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert." *Storm* at 376, 538 A.2d at 64, quoting *Reardon v. Meehan*, 424 Pa. 460, 465, 227 A.2d 667, 670 (1967).

*Storm* refused to establish a "bright line" rule for when expert testimony is required in legal malpractice actions, explaining:

Legal malpractice claims run a wide gamut of circumstances from clear cut claims of a breach of an

attorney's duty for allowing the statute of limitations to run against the former client's cause of action to the complex determination required of a claim of breach of duty involving the attorney's choice of trial tactics in which a layperson's judgment obviously requires guidance. Between these two extremes lie a myriad number of legal malpractice actions for which the necessity of expert evidence to establish the attorney's duty and breach thereof will not be readily evident without careful examination of the factual circumstances upon which they arise. Generally, the determination of whether expert evidence is required or not will turn on whether the issue of negligence in the particular case is one which is sufficiently clear so as to be determinable by laypersons or concluded as a matter of law, or whether the alleged breach of duty involves too complex a legal issue so as to warrant explication by expert evidence. *Storm* at 376-377, 538 A.2d at 65 (case citations omitted).

The court in *Storm* held that expert testimony was necessary to explain a lawyer's duty and responsibility in connection with representing a client in a real estate transaction. The court disagreed "with appellant's assertions that the sale of real estate is an elementary and non-technical transaction which requires only simple common sense. *At issue is not the simplicity of the transaction but the duty and degree of care of the attorney. Whether an attorney failed to exercise a reasonable degree of care and skill related to common professional practice in handling a real estate transaction is a question of fact outside the normal range of the ordinary experience of*

*laypersons.*" *Storm* at 377, 538 A.2d 65. (emphasis added, citation omitted)

Summary judgment was appropriate as a matter of law because each of the plaintiff's claims of legal malpractice required expert testimony on the issues of standard of care and breach of that standard, or was not supported by evidence in the record. Consequently, plaintiff failed to demonstrate the existence of a genuine issue of material fact as to any claim.

### 1. *Failure to settle the divorce case*

Plaintiff stated in his response to the summary judgment motion that attorney Ulrichsen "failed to settle the [divorce] case when plaintiff wished to settle and was willing to accept his former wife's settlement terms." The only evidentiary support plaintiff cited for this assertion was pages 16-17 of his deposition which he attached as part of Exhibit "B" to his response. The referenced testimony not only did not support plaintiff's factual claims, it directly refuted them.

Plaintiff testified in his deposition that after the parties agreed in principal to a settlement, attorney Ulrichsen objected to particular language in the settlement agreement that would have required plaintiff to pay higher amounts of alimony as his income rose.

Plaintiff testified as follows:

She said, No, this provision is really one, whereby, you would be subjected to come into court all of the time. And she said, I really want you to go forward with this trial. I said okay.

Exhibit "B" p. 17 (emphasis added). This testimony clearly states that the plaintiff, who is himself an attorney, agreed with attorney Ulrichsen's recommendation to reject the settlement and to proceed to trial. Plaintiff's assertion that attorney Ulrichsen disobeyed his instructions is not supported by plaintiff's own testimony or by any other evidence in the record.

This is not a case where the attorney failed to communicate settlement offers to her client. Nor is this a case where the attorney failed to communicate to the opposing side her client's acceptance of the opponent's settlement offer.[2]

Instead, this case involves the standard of care applicable to an attorney presented with a proposed settlement agreement in a divorce case and the reasonableness of her recommendation to forego settlement because a particular provision in the settlement agreement was too onerous. Like the real estate transaction in *Storm*, whether attorney Ulrichsen failed to exercise a reasonable degree of care and skill related to common professional practice in handling the divorce action is a question of fact outside the normal range of the ordinary

---

2. Expert testimony is not necessary when the legal malpractice consists of the attorney's failure to communicate settlement offers to his client or to investigate and evaluate such offers. *Rizzo v. Haines*, 520 Pa. 484, 502, 555 A.2d 58, 66-67 (1989). "It is well within the ordinary knowledge and experience of a layman jury to recognize that... the failure of an attorney to disclose [settlement offers] is a breach of the professional standard of care." *Id.* at 502, 555 A.2d at 67, quoting *Joos v. Auto-Owners Ins. Co.*, 94 Mich. App. 419, 423, 288 N.W.2d 443, 445 (1979). *Rizzo* also held that expert testimony was not needed to detail the fiduciary obligations of an attorney who engages in financial transactions with his client, since these obligations are established by law, the Code of Professional Responsibility, and the Model Rules of Professional Conduct. 520 Pa. at 503, 555 A.2d at 67.

experience of laypersons. *Storm* at 377, 538 A.2d 65.

A very similar situation occurred in *Weldes v. Walter,* No. 01-02444 (C.P. Montgomery, April 13, 2006, *J.* Nicholas),[3] *aff'd mem.,* 919 A.2d 985 (Pa. Super. 2007). That case involved the representation of an attorney for plaintiff-wife concerning the husband's proposed marital property settlement agreement. The trial court granted summary judgment because plaintiff-wife did not have an expert witness to opine as to the defendant attorney's breach of the standard of care applicable to an attorney negotiating a marital property settlement agreement. Without such an expert, the plaintiff did not adduce sufficient evidence to establish the existence of genuine issues of material fact as to (1) whether the attorney's representation of plaintiff fell below the level of competence for an attorney, and (2) whether the attorney's alleged legal malpractice was the proximate cause of the damages claimed by plaintiff. Slip op. pp. 5-6.

Expert testimony was necessary regarding Ulrichsen's analysis of the proposed settlement agreement and the validity of Ulrichsen's recommendation to forego settlement, and concerning the propriety of Ulrichsen's strenuous recommendation to go to trial. Summary judgment was properly granted on those issues because plaintiff failed to have an expert witness.

2. *Other alleged instances of legal malpractice*

Plaintiff claimed that attorney Ulrichsen was negligent by failing to obtain a vocational expert who would have testified to the earning potential of plaintiff's ex-wife

---

3. *Weldes* is available at www.palawlibrary.com.

because she was a college graduate and had a history of employment. Plaintiff asserted in his deposition that his ex-wife's potential salary could have been used to offset the plaintiff's income when the divorce court was deciding the issue of alimony. Complaint ¶ 19; plaintiff's response to summary judgment motion exhibit "B", p. 24 ("Exhibit 'B'"). Plaintiff testified that he knew prior to trial that a vocational expert had not been retained. *Id.* at 13. He also testified that when the trial began he was not "upset" over the lack of a vocational expert because he thought "there was a good chance the case was going to resolve itself and settle." *Id.* at 14. Plaintiff ratified Ulrichsen's failure to obtain a vocational expert because he obviously knew that he did not have a vocational expert when he agreed to forego settlement and to proceed to trial.

Furthermore, whether attorney Ulrichsen failed to exercise a reasonable degree of care and skill related to common professional practice in handling the divorce action by failing to retain a vocational expert is a question of fact outside the normal experience of ordinary laypersons. Consequently, the plaintiff was required to obtain an expert witness for this legal malpractice case. Because plaintiff failed to obtain an expert witness, summary judgment was properly granted on this issue.

Plaintiff asserted that attorney Ulrichsen was negligent by failing to file a post-trial motion on the issue of the trial court's right "to impose an obligation on the evaluation of my business and payment on the evaluation of the business based on a case that was on appeal." Exhibit "B", p. 53. Plaintiff claimed that the failure to file such a post-trial motion resulted in his inability to appeal that issue. Plaintiff failed to produce any admissible evidence

to support those factual claims.

Plaintiff admitted that his attorney filed a post-trial motion in the divorce action. Exhibit "B", p. 52. Plaintiff did not attach a copy of that motion to his response to the summary judgment motion. The post-trial motion itself, not plaintiff's testimony, was the only admissible evidence concerning the contents of the motion. See Pa.R.E. 1002 ("to prove the contents of a writing ... the original writing ... is required").[4] Plaintiff failed to meet his burden of coming forward with admissible evidence to demonstrate the existence of a genuine issue of material fact concerning the alleged deficiencies of the post-trial motion. Pa.R.C.P. 1035.3(a).[5] See *InfoSAGE, Inc. v. Mellon Ventures, L.P.,* 896 A.2d 616, 626 (Pa. Super. 2006) ("a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor"; internal quotation marks and case citation omitted).

Moreover, this issue was beyond the ordinary experience

---

4. A "duplicate" would have sufficed. See Pa.R.E. 1003. The exceptions to the Best Evidence Rule set forth in Pa.R.E. 1004 (admissibility of other evidence of contents) and Pa.R.E. 1007 (testimony or written admission of party against whom the writing is offered), do not apply to the present case.

5. Rule 1035.3. Response. Judgment for failure to respond
(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
Pa.R.C.P. 1035.3(a).

of a jury and required expert testimony. See *Woods v. Egler,* 52 Pa.D.&C.4th 505, 512-513 (C.P. Allegh. 2001, J. Baer) (granting nonsuit because plaintiff did not have an expert witness to advise the jury as to the nature, type and extent of review and preparation an attorney must go through before entering his appearance and prosecuting a case on appeal; these issues "were far too complex to be presented to a jury without the guidance of expert testimony"), *aff'd mem.,* 808 A.2d 260 (Pa.Super. 2002); *Hepps v. LaBrum & Doak,* 57 Pa.D.&C.4th 124, 127-128 (C.P. Phila. 2001, J. New) (summary judgment granted because plaintiff did not have an expert witness (1) to advise the jury as to the circumstances under which it is appropriate to place funds in escrow and the role of an attorney in advising his client about escrow, (2) to explain to the jury under what circumstances an attorney is permitted to withdraw his appearance for a party, and (3) to interpret the language of an insurance policy and any alleged breaches of contract as they related to the plaintiff's disability), *aff'd mem.,* 797 A.2d 1029 (Pa. Super. 2002). In the present case, summary judgment was properly granted to the defendant on this issue.

Plaintiff next argued that attorney Ulrichsen was negligent by failing to adduce evidence of the value of the personalty in the marital home including artwork, furniture, and other items. Plaintiff testified that he never asked Ulrichsen or anybody at Fox Rothschild to obtain an expert to value the personalty. Exhibit "B" p. 27. Whether Ulrichsen failed to exercise a reasonable degree of care and skill related to common professional practice in handling the divorce action by failing to adduce such

testimony is a question of fact outside the normal range of the ordinary experience of laypersons. Consequently, the plaintiff was required to obtain an expert witness for this legal malpractice case. Because plaintiff failed to obtain an expert witness, summary judgment was properly granted on this issue.

Lastly, plaintiff asserted that attorney Ulrichsen was negligent by allowing the divorce action to become unnecessarily complex and protracted. Plaintiff contended that as a result of the delay caused by Ulrichsen, plaintiff was ordered to pay 30 percent of his ex-wife's counsel fees and costs in the divorce action. Plaintiff failed to produce any admissible evidence to support those factual claims.

Plaintiff relied on paragraphs in his complaint which purport to quote an opinion issued by New Jersey Superior Court Judge Jeanne T. Covert, the trial judge in the divorce action. Plaintiff also relied on his deposition testimony where he stated his uncertain recollection of what Judge Covert did and her reasons for doing it. Exhibit "B" p. 37. Plaintiff did not attach a copy of Judge Covert's opinion to his complaint and he did not attach a copy of it to his response to the summary judgment motion. This court was barred from considering the factual allegations in plaintiff's complaint in deciding this summary judgment motion. Pa.R.C.P. 1035.3(a) ("the adverse party may not rest upon the mere allegations or denials of the pleadings"). See *InfoSAGE, Inc. v. Mellon Ventures, L.P.,* 896 A.2d 616, 626 (Pa. Super. 2006) ("the mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is

a genuine need for a trial"; internal quotation marks and case citation omitted).

Judge Covert's opinion and/or the trial transcript are the only valid evidence of what she did and why she did it. See Pa.R.E. 1002, 1003, 1004, and 1007 discussed on page 308 and n. 4, above. By not producing a copy of Judge Covert's opinion or the trial transcript, plaintiff failed to produce any admissible facts to support his claim that Ulrichsen was negligent by allowing the divorce action to become unnecessarily complex and protracted. Summary judgment was proper as a matter of law because plaintiff failed to meet his burden of coming forward with admissible evidence to demonstrate the existence of a genuine issue of material fact. Pa.R.C.P. 1035.3(a); *InfoSAGE*, 896 A.2d at 626 ("a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor"; internal quotation marks and case citation omitted).

B. *Breach of fiduciary duty*

The breach of fiduciary duty claim set forth in count II of plaintiff's complaint stated: "Plaintiff learned from third parties not affiliated with the litigation that certain personal and confidential information was stated to them concerning the representation in this matter." Complaint ¶ 37. This same claim is asserted as negligence in count I. Complaint ¶ 33(g). Plaintiff never mentioned either version of this claim in opposing defendant's summary judgment motion. Plaintiff did not present any evidence to support his claims of breach of confidentiality.

In opposing summary judgment on his breach of fiduciary duty claim, plaintiff abandoned the breach of confidentiality claim and substituted a different alleged breach of fiduciary duty, to wit:

> In a legal malpractice case, a breach of contract occurs when an attorney fails to follow a specific instruction of his client. ... In the instant matter, defendant clearly breached its contract with plaintiff because defendant failed to follow plaintiff's instructions. Plaintiff advised Ulrichsen and defendant that he wanted to settle and that he was willing to accept his former wife's terms. Defendant failed to follow this instruction. Plaintiff's Brief p. 7.

This is the same issue that is discussed at pages 7-9 of this opinion in connection with the negligence claims in count I of the complaint. The court hereby incorporates by reference that earlier discussion as it applies with equal force to the breach of fiduciary duty issue advanced by plaintiff to oppose summary judgment.

The evidence presented by plaintiff to oppose summary judgment demonstrated that he agreed with attorney Ulrichsen's recommendation to forego settlement and to proceed to trial. Plaintiff did not present any evidence that Ulrichsen disobeyed his instructions. Plaintiff failed to meet his burden of coming forward with admissible evidence to demonstrate the existence of a genuine issue of material fact. Pa.R.C.P. 1035.3(a); *InfoSAGE*, 896 A.2d at 625-626. Summary judgment was properly granted on this issue.

## CONCLUSION

All of the plaintiff's claims of negligent lawyering were beyond the ordinary knowledge or experience of a layman. Consequently, expert testimony was required to establish the standard of care and the breach of that standard. Plaintiff's failure to obtain an expert to testify on his behalf doomed his case. Moreover, plaintiff did not provide evidence to support his factual claims and what evidence he did present directly contradicted his claims. Plaintiff failed to meet his burden of coming forward with admissible evidence to demonstrate the existence of a genuine issue of material fact that would prevent the entry of summary judgment. Consequently, summary judgment was properly granted to the defendant and the action dismissed.

For the reasons stated above, the Superior Court should affirm this court's order of June 29, 2010, granting the motion for summary judgment of defendant Fox Rothschild, LLP, and dismissing the plaintiff's action.