**Perez v. Chajkowski**

C.P. of Allegheny County, No. 31 WDA 2013.

*Dario Perez*, pro se plaintiff.
*Clinton Kelly*, for defendant.

HERTZBERG, *J.*, February 27, 2013—Plaintiff Dario Perez ("Mr. Perez") has appealed to the Superior Court of Pennsylvania from orders that denied discovery of certain documents and that determined a certificate of merit is required. This opinion provides the reasons for the two orders. *See* Pa.R.A.P. No. 1925(a).

Defendant Mary Ellen Chajkowski ("Ms. Chajkowski") is an attorney hired by Mr. Perez in a dispute over the custody of two of his minor children with Karin Johnson, their mother, in this court at Docket No. FD 08-001564. Ms. Chajkowski represented Mr. Perez during a three day trial concerning custody and Karin Johnson's petition to relocate the children to New York state. Ms. Chajkowski also represented Mr. Perez during various other contentious custody related court appearances that preceded the trial. Shortly after an order was signed that permitted relocation, Ms. Chajkowski filed a petition to withdraw as Mr. Perez's attorney. The petition, which was granted, averred that Mr. Perez was delinquent in paying Ms. Chajkowski's attorney fee billings.

Mr. Perez then filed a civil lawsuit against Ms. Chajkowski with a magisterial district judge, and six days

later Ms. Chajkowski filed a separate breach of contract lawsuit against Mr. Perez in this court's civil division, arbitration section. The magisterial district judge, after a hearing, found in favor of Ms. Chajkowski, and Mr. Perez appealed from that decision to this court's civil division, arbitration section. On October 26, 2011, a panel of arbitrators decided Ms. Chajkowski's breach of contract claim against Mr. Perez, Docket No. AR11-005713, in her favor in the amount of $10,158.13, and on December 6, 2011, another panel of arbitrators decided Mr. Perez' claim that Ms. Chajkowski provided him with "incompetent representation," Docket No. AR 11-006860, in his favor in the amount of $950. Both arbitration awards were appealed and then consolidated for a jury trial.

I presided over the pre-trial conference held on October 25, 2012. During the pre-trial conference, Mr. Perez asked me to decide his emergency motion to compel discovery and his motion to seek determination that a certificate of merit is not required. I granted the discovery motion in part, and I denied the motion concerning avoidance of a certificate of merit and directed Mr. Perez to file an expert's report by November 21, 2012. Mr. Perez, however, failed to ever file either a certificate of merit or an expert's report.

The jury trial was scheduled for December 3, 2012, and Mr. Perez filed an emergency motion to continue trial at a deferred date, but this motion was denied by the Honorable Judge Ronald W. Folino. The Honorable Judge Timothy Patrick O'Reilly was assigned to preside over the jury trial. Since Mr. Perez had not filed an expert's report prior to the commencement of the trial, Judge O'Reilly entered an order of non pros as to the claim of incompetent

176

representation against Ms. Chajkowski at Docket No. AR 11-006860. The breach of contract claim against Mr. Perez proceeded to trial, and on December 4, 2012 the Jury returned a verdict in favor of Ms. Chajkowski in the amount of $8,073.13.

On January 2, 2013 Mr. Perez filed a notice of appeal to the Superior Court containing a concise statement of matters appealed. Mr. Perez indicates in the concise statement of matters appealed that he is appealing from the two decisions I made after the pre-trial conference,[1] Judge Folino's order that refused to continue the trial and Judge O'Reilly's order of non pros as to the claim against Ms. Chajkowski. Judge O'Reilly provided the reasons for his order in a memorandum filed on January 4, 2013 and Judge Folino did the same in a memorandum filed on January 7, 2013. Therefore, this opinion addresses only the two decisions I made after the pre-trial conference.

Mr. Perez first argues that I made an error by refusing to grant the portion of his discovery request that asked for Ms. Chajkowski's client file from the custody dispute. During the pre-trial conference, Ms. Chajkowski asserted that she held a valid retaining lien as a result of Mr. Perez's failure to pay her bill for legal services rendered. Ms. Chajkowski contended that this retaining lien allows her to maintain possession of Mr. Perez's file until he pays her the balance owed for legal services rendered. The reason for my order denying Mr. Perez's discovery request is that I agree with

---

1. On November 27, 2012 Mr. Perez also filed a notice of appeal to the Superior Court that identified two motions for reconsideration that I denied on November 15, 2012 as the matters being appealed. That appeal, Superior Court Docket No. 1842 WDA 2012, was quashed by per curiam order dated December 19, 2012 because it was not taken from a final order.

Ms. Chajkowski. Attorney retaining liens are permitted by Pennsylvania caselaw. *See Laplacca v. Philadelphia Rapid Transit Co.*, 108 A.2d 612, 265 Pa. 304 (1919). In fact, the Pennsylvania Rules of Professional conduct specify that, "[u]pon termination of representation, .... [t]he lawyer may retain papers relating to the client to the extent permitted by other law." Rule No. 1.16(d). The lien assists the attorney in collecting outstanding charges, and only when a client has an urgent need for papers to defend a criminal prosecution does a court have the discretion to disregard the lien. *See U.S. v Ringwalt*, 210 F. Supp. 2d 653 (E.D. Pa. 2002) and *Pomerantz v. Schandler*, 704 F.2d 681 (2d Cir. 1983). Since Mr. Perez clearly has not paid Ms. Chajkowski's bill and his need for the file involves a civil matter, I did not make an error by denying his discovery request.

Mr. Perez next argues I made an error by ruling that he had to file a certificate of merit. The filing of a certificate of merit will only be excused when a claim against a professional involves something other than malpractice. *See Krauss v. Claar*, 2005 PA Super 255, 879 A.2d 302 (holding that a real estate purchaser's claims against the seller's attorney that sounded in fraud do not require filing of a certificate of merit). Since the lawsuit against Ms. Chajkowski clearly consists of a legal malpractice claim, a certificate of merit is mandatory. *See* Pa. R.C.P. 1042.1 (c)(2) and *Parkway Corporation v. Margolis Edelstein*, 2004 PA Super 307, 861 A.2d 264. If Mr. Perez believes he did not need an expert witness to prove malpractice by Ms. Chajkowski, he should still have filed a certificate of merit with that alternative selected. *See* Pa. R.C.P. No.

1042.9. Therefore, my decision to deny his motion to seek determination that a certificate of merit is not required was appropriate.

It appears that Mr. Perez also is arguing that I made an error by ordering him to file an expert's report. More specifically, Mr. Perez argues that an expert witness is unnecessary because two judges who presided over the custody dispute found that Ms. Chajkowski committed multiple errors. Most legal malpractice lawsuits involve complex legal issues that a lay jury could not decide without guidance from an expert witness. *See Storm v. Golden*, 371 Pa. Super. 368, 538 A.2d 61(1988), appeal denied, 524 Pa. 630, 574 A.2d 71 (1989) and *Robinson v. Wirts*, 387 Pa. 291, 127 A.2d 706 (1956). "The only exception to this otherwise invariable rule" is when the malpractice allegation is simple, such as when an attorney allows the statute of limitations to expire. *Robinson v. Wirts*, 387 Pa. 291, 297, 127 A.2d 706, 710; *Storm v. Golden*, 371 Pa. Super. at 376, 538 A.2d at 65.

Mr. Perez attempts to simplify the malpractice allegation with his argument that two judges who presided over the custody dispute found that Ms. Chajkowski committed multiple errors. This is a misstatement of the Judges' determinations in the custody dispute. In one instance, the Honorable David Wecht sanctioned Ms. Chajkowski without any explanation. *See* FD08-1564, Order dated November 24, 2010. In another instance, the Honorable Susan Evashavik DiLucente elected to sanction Mr. Perez instead of Ms. Chajkowski due to his conduct. *See* FD 08-1564, order dated January 14, 2011. In a third instance, Judge Evashavik DiLucente sanctioned Ms. Chajkowski

primarily for appealing two orders that the Superior Court quashed as interlocutory. *See* FD 08-1564, order dated June 21, 2011. However, these improper appeals may not have occurred due to attorney error, but may instead have involved a litigation tactic. In addition, the concept of what constitutes a non-final, interlocutory order can often be very complicated. Ironically, an earlier appeal to the Superior Court in the subject proceeding by Mr. Perez was quashed because the appeal was from a non-final, interlocutory order. *See* footnote no. 1 above. Finally, the two orders sanctioning Ms. Chajkowski are disbursed among a docket that contains 145 documents, including a variety of motions by both parties. Rather than something simple that a lay jury could understand, the malpractice alleged is therefore complex and requires guidance from an expert witness. Hence, my determination that Mr. Perez needed an expert witness was not an error.

Even if Mr. Perez is correct and he did not need an expert witness, it appears he suffered no harm from the non pros of his case. While the unpaid balance of Ms. Chajkowski's itemized invoices is $11,023.13 (*See* exhibits filed on September 24, 2012), the verdict of the jury was only $8,073.13. The jury's deduction of almost $3,000 from Ms. Chajkowski's balance is no different than if Mr. Perez had been permitted to proceed on his malpractice claim and obtained a $3,000 verdict against Ms. Chajkowski.[2]

Mr. Perez also argues my order that he file an expert's

---

2. Because Mr. Perez did not order the transcript from the December 3-4, 2012 trial, I cannot be one hundred percent certain of why almost $3,000 was deducted from Chajkowski's unpaid balance.

report was erroneous because he does not have enough money to afford to hire an expert witness. Neither caselaw nor the rules on certificates of merit carve out an exception to the requirement of expert testimony due to financial circumstances. In any event, the contingent fee system often solves such financial problems when an attorney agrees to be paid a fee only if funds are received via a settlement or verdict and to advance expenses for an expert witness. If no attorney is willing to risk taking a contingent fee and advancing expenses for an expert witness, the claim may not proceed. This is the result of the contingent fee system and not the result of any error that I made.

Finally, Mr. Perez makes two additional arguments that are trivial. First, he alleges that an order signed on October 25, 2012 was docketed on an incorrect date and mailed to him later than the mailing date shown in the docket. Clearly Mr. Perez obtained the order in a timely manner by viewing it on the department of court records electronic docket, and he suffered no adverse consequences. Second, he alleges that Ms. Chajkowski waited over a year to file a notice of intention to enter judgment of non pros on professional liability claim. While there is a limit on how early this notice may be filed (more than thirty days after the filing of the complaint), there is no limit on how late it may be filed. *See* Pa. R.C.P. No. 1042.6. Rather than a detrimental impact on Mr. Perez, the filing of the notice one year after the filing of the complaint actually benefitted Mr. Perez by giving him extra time to obtain an expert witness.