J-S46011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. HOLEWSKI JR. | : | |
| | : | |
| Appellant | : | No. 593 WDA 2023 |

Appeal from the PCRA Order Entered April 28, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000876-2018

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED: February 21, 2024**

Appellant, Richard A. Holewski, Jr., appeals from the April 28, 2023 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On February 12, 2019, the trial court convicted Appellant of three counts each of Rape by Forcible Compulsion and Sexual Assault, and one count each of Statutory Sexual Assault, Aggravated Indecent Assault of a Child, Corruption of Minors, and Indecent Assault in connection with the years'-long sexual abuse of his niece.  The Commonwealth secured Appellant's conviction with, *inter alia*, the testimony of the victim's mother and sister.

On February 12, 2019, the trial court sentenced Appellant to an aggregate term of 16½ to 45 years of imprisonment and to pay $2,400 in

fines. On May 8, 2020, this Court affirmed Appellant's judgment of sentence.[1] *Commonwealth v. Holewski*, 237 A.3d 424 (Pa. Super. 2020) (non-precedential). Appellant did not seek further review of his judgment of sentence.

On June 4, 2021, Appellant filed a counselled PCRA petition asserting that his trial counsel had been ineffective. In the petition, Appellant claimed that counsel was ineffective for: (1) strategically introducing "reverse 404(b)" evidence that another victim had made a prior allegation of sexual abuse against Appellant; (2) introducing character evidence concerning Appellant's honesty and peacefulness rather than evidence of Appellant's reputation for "chastity with children"; and (3) advising Appellant to proceed to a non-jury trial. *See* PCRA Petition, 6/4/21, at 9-12, 14-23, 24-26.

On September 3, 2021, Appellant filed with leave of court an amended PCRA petition in which he advanced a fourth ineffective assistance of counsel claim, namely that trial counsel was ineffective for not objecting to certain testimony offered by the victim's mother and sister, which Appellant claimed was hearsay and improper lay opinion testimony. *See* Amended PCRA Petition, 9/3/21, at 3-9. Appellant attached four affidavits in support of his claims—one each from alleged criminal defense lawyer experts Bruce

---

[1] On direct appeal, Appellant presented only one issue in which he asserted that the trial court erred in ordering him to "pay a fine when the statutory elements were not satisfied." *Holewski*, 237 A.3d at *3.

Antkowiak, Esquire, and Charles Porter, Esquire, and one each from character witnesses Georgia Why and Christian Modro.[2]

On November 12, 2021, the Commonwealth filed a "Motion in *Limine* to Preclude PCRA Testimony" ("Motion"), in which it sought to preclude the testimony of Appellant's expert witnesses Mr. Antkowiak and Mr. Porter as irrelevant to the court's determination of whether, as a matter of law, Appellant's trial counsel was ineffective.  At a November 16, 2021 hearing, the PCRA court directed the parties to brief this issue.

On March 1, 2022, the PCRA court issued a decision in which it granted the Motion and precluded "any defense attorney from testifying as an expert." PCRA Ct. Op., 3/1/22, at 1.  The court concluded that the instances of alleged trial counsel ineffectiveness raised by Appellant "are not the prerogative of attorney expert witnesses[; rather, t]hey are substantially legal matters within the purview of this [c]ourt, and it would thus be improper to admit such testimony at a PCRA evidentiary hearing."  *Id.* at 5.  In addition, the court found that, even if the proffered testimony was proper, "these are not issues on which the [c]ourt requires 'expert' advice from attorneys[, as [t]rial courts

---

[2] On November 4, 2021, Appellant filed without leave of court a second amended PCRA petition with which he "sought to supplement [Appellant's] previous filings with a witness certification [from Appellant's] trial lawyer—Stephen D. Colafella."  Second Amended Petition, 11/4/21, at ¶ 2.

are well[-]versed in run-of-the-mill evidentiary matters and matters of trial strategy."[3] *Id.* at 6.

On January 31, 2023, the PCRA court held a hearing on Appellant's PCRA petition, at which Appellant and his trial counsel, Stephen Colafella, Esquire, testified. Following additional briefing by the parties, on April 28, 2023, the PCRA court entered an order dismissing Appellant's petition as meritless.

This appeal followed.[4]

Appellant raises the following two issues on appeal:

1. Did the PCRA court err when it granted the prosecutor's motion in *limine* thereby prohibiting a pair of criminal defense lawyers from offering expert evidence in support of the three prongs of the **Strickland/Pierce** test for ineffective assistance of counsel?

2. Did the PCRA court err by denying relief when evidence of the behaviors of a sex crime victim was admitted—not through an expert—but through her mother and sister?

Appellant's Brief at 5.

## A.

In his first issue, Appellant claims that the PCRA court erred in granting the Commonwealth's Motion, thereby preventing Appellant from introducing the testimony of two criminal defense attorney expert witnesses. *Id.* at 19-43. He argues that the court erroneously "rel[ied] upon and [was] influenced

_____

[3] On April 12, 2022, Appellant filed a Petition for Permission to Appeal from the court's March 1, 2022 order granting the Commonwealth's Motion. **See Commonwealth v. Holewski**, No. 19 WDM 2022. On July 7, 2022, this Court entered a *per curiam* order denying Appellant's Petition.

[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

by the thinking of a single justice of our state Supreme Court,[5] *dicta* from an old Superior Court case[6] and a handful of out-of-state decisions" in reaching its decision to exclude this testimony. *Id.* at 21-22. Relying on **Storm v. Golden**, 538 A.2d 61 (Pa. Super. 1988),[7] and analogizing an ineffective assistance of counsel claim brought under the PCRA to a civil legal malpractice claim, Appellant asserts that the PCRA court should have permitted Appellant's criminal defense attorney experts to offer testimony as to how Attorney Colafella's representation fell below the accepted standard of care. *Id.* at 31-32.

"[A] court's decision to grant or deny a motion in *limine* is subject to an evidentiary abuse of discretion standard of review." **Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*). The admission of expert testimony is likewise a matter left largely to the discretion of the trial court and will not be overturned absent an abuse of that discretion. **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 881 (Pa. Super. 2019). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party."

---

[5] **Commonwealth v. Gorby**, 900 A.2d 346, 376 (Pa. 2006) (Castille, J., dissenting).

[6] **Commonwealth v. Neal**, 618 A.2d 438 (Pa. Super. 1992).

[7] In **Storm**, this Court held, *inter alia*, that "expert evidence is necessary [] in a legal malpractice case to establish an attorney's breach of his duty of care." 538 A.2d at 64.

*Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted).

The Honorable Kim Tesla has authored a comprehensive, thorough, and well-reasoned opinion, including a discussion of relevant case law, to explain why the PCRA court, in its discretion, granted the Commonwealth's Motion. *See* PCRA Ct. Op. at 3-7 (concluding that: (1) the ineffective assistance of counsel claims raised by Appellant were legal questions within the purview of the PCRA court and not the "prerogative of attorney expert witnesses"; and (2) the PCRA court does not require expert witness testimony to understand "run-of-the-mill evidentiary issues and matters of trial strategy," and rejecting: (1) Appellant's reliance on *Storm*, *supra*; and (2) Appellant's effort to analogize ineffective assistance of counsel claims brought under the PCRA to civil malpractice cases). After a thorough review of the record, the briefs of the parties, and the PCRA court's opinion, we discern no abuse of discretion. We, thus, affirm on the basis of the PCRA court's March 1, 2022 opinion.

**B.**

In his second issue, Appellant asserts that the trial court abused its discretion in finding meritless his claim that Attorney Colafella was ineffective for not objecting to certain testimony offered by the victim's mother and sister. Appellant's Brief at 44-55.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

- 6 -

"This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. ***Id.***

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. ***Commonwealth v. Busanet***,

54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Appellant argues that his counsel should have objected to certain testimony "discuss[ing] unique behaviors of a sex crime victim" because that testimony constituted "expert opinion evidence."[8] Appellant's Brief at 44. He argues that admission of this alleged expert opinion evidence through lay witnesses was improper and that he was "profoundly" prejudiced by its admission because it played a critical role in substantiating the victim's credibility in this "classic, 'he said-she said' case." *Id.* at 44-45. He baldly concludes that "where credibility is king," as here, "this improper lay opinion is quite impactful and moved the believability meter towards" the victim. *Id.* at 55.

The Honorable Kim Tesla has authored a comprehensive, thorough, and well-reasoned opinion, including a discussion of relevant case law and the Rules of Evidence, to explain why the PCRA court determined that this claim lacked merit. *See* PCRA Ct. Op., 7/5/23, at 17-23 (concluding that Appellant's ineffective assistance of counsel claim arising from counsel's decision not to object to certain testimony lacked merit because the testimony was not, as

---

[8] In particular, Appellant asserts his trial counsel should have objected to testimony from the victim's mother, who herself had experienced sexual trauma, that "[a] victim always knows that something can happen that others don't know," and from both the victim's mother and sister that the victim frequently changed her underwear because she "was trying to feel clean" and the victim is "afraid of men." *See*, *e.g.*, N.T. Trial, 10/31/18, at 16-17, 73, 75-77, 104-06.

Appellant asserted, inadmissible opinion testimony and, therefore, counsel had a reasonable strategic basis for not objecting to it). Following our review, we conclude that the record supports the PCRA court's determination that Appellant's claim lacked merit. We, thus, affirm on the basis of the PCRA court's July 5, 2023 opinion.

**C.**

In sum, we conclude that the PCRA court did not abuse its discretion in granting the Commonwealth's Motion and that the record supports the court's conclusion that Appellant's ineffective assistance of counsel claim lacked merit. Accordingly, we affirm the PCRA court's order denying Appellant's petition for post-conviction relief.

Order affirmed. Appellant is directed to attach copies of the PCRA court's March 1, 2022, and July 5, 2023 opinions to any future filings.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2024

OPINION/ORDER

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : NO. CP-04-CR-876-2018

V.                                :

RICHARD A. HOLEWSKI, JR.,          :

    DEFENDANT                      :

TESLA, J.                                               MARCH 1, 2022

# OPINION

## I. INTRODUCTION

This Opinion is entered to address the Commonwealth's Motion in Limine, in which the Commonwealth seeks a ruling from this Court that would preclude the proffered expert testimony of two criminal defense attorneys. For reasons stated below, the Court grants the Commonwealth's Motion in Limine and precludes any defense attorney from testifying as an expert.

## II. FACTS AND PROCEDURAL HISTORY

On January 17, 2018, a Criminal Complaint was filed charging Defendant with rape, statutory sexual assault, sexual assault, aggravated indecent assault of a child, indecent assault, and corruption of minors. The affidavit of probable cause attached to the Complaint alleged that the victim was Defendant's niece, M.L., and that the course of abuse spanned a period of approximately fourteen years. On November 13, 2018, the Court returned its verdict in open court in the presence of Defendant and counsel. The Court found Defendant guilty of all charges beyond a reasonable doubt. On February 12, 2019, the Court held a sentencing hearing, and imposed an

1

aggregate prison sentence of sixteen and one-half years to forty-five years, and fines in an aggregate amount of $2,400.

On February 22, 2019, Defendant filed a Motion for Post-Sentence Relief, challenging the weight and sufficiency of the evidence for each of the convictions. On May 3, 2019, the Court amended its Sentence Order to allow for visitation between Defendant and his grandchildren, but otherwise denied Defendant's Post-Sentence Motion. On May 28, 2019, Defendant filed a Notice of Appeal, preserving substantially those issues which were raised in his Supplemental Post-Sentence Motion but denied by the Court. On July 15, 2019, the Court issued an Order affirming the denial of Defendant's Post-Sentence Motion.

Defendant filed a Petition for Post-Conviction Collateral Relief ("PCRA") on June 4, 2021. That same day Defendant requested that he be allowed to file an amendment of the PCRA by August 4, 2021. On June 9, 2021, the Court granted this amendment. On August 3, 2021, Defendant requested an extension within which to file the amendment. The Court ordered that the amendment be filed no later than September 3, 2021, and Defendant filed it on that date. Included in the amended PCRA were affidavits from two alleged criminal defense lawyer experts, Bruce Antkowiak, Esq. and Charles Porter, Esq. According to the proffered testimony, defense counsel acted ineffectively in improperly counseling Defendant to waive his right to a jury trial; failing to offer pertinent character evidence; allowing inadmissible evidence to be admitted; and introducing prior evidence of Defendant's alleged wrong doing through reverse 404(b) evidence.

On November 12, 2021, the Commonwealth filed a Motion in Limine, seeking to exclude the expert testimony of Attorneys Antkowiak and Porter as "irrelevant." On November 16, 2021, the Court ordered that a second day of the PCRA evidentiary hearing be scheduled for April 26,

2022 and directed the parties to file briefs on the Commonwealth's Motion in Limine no later than 20 days from November 16, 2021 with reply briefs due within five days thereafter.

## III. SUMMARY OF THE LAW

A Motion in Limine is used before trial to obtain a ruling on the admissibility of evidence. Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc., 933 A.2d 664, 667 (Pa. Super. 2007). "It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury." Commonwealth v. Reese, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*).

Rule 702 of the Pennsylvania Rules of Evidence speaks to the general admissibility of expert testimony where scientific evidence is at issue, and provides that a witness who is qualified as an expert may testify "in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson; (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and (c) the expert's methodology is generally accepted in the relevant field."

Expert testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror. As stated in Commonwealth v. Leslie, 424 Pa. 331, 334, 227 A.2d 900, 903 (1967) (quoting Commonwealth v. Nasuti, 385 Pa. 436, 443, 123 A.2d 435, 438 (1956)), "Expert testimony is admissible in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence, and experience." Where the issue involves a matter of common knowledge, expert testimony is inadmissible. Commonwealth v. Seese, 512 Pa. 439,

3

442, 517 A.2d 920, 921 (1986); Commonwealth v. O'Searo, 466 Pa. 224, 229, 352 A.2d 30, 32 (1976); Collins v. Zediker, 421 Pa. 52, 53, 218 A.2d 776, 777 (1966).

The decision to admit or refuse expert testimony "lies within the sound discretion of the trial court, whose decision will not be reversed absent a clear abuse of that discretion." Commonwealth v. Cargo, 498 Pa. 5, 14, 444 A.2d 639, 644 (1982); Commonwealth v. Everett, No. 2046 WDA 2014 (2016); Commonwealth v. Johnson, 582 A.2d 336, 337 (Pa. Super. 1990); Commonwealth v. Emge, 553 A.2d 74 (Pa. Super. 1988).

A claim of ineffective assistance of counsel "is a mixed question of law and fact that requires the application of legal principles to the historical facts of [the] case." Cuyler v. Sullivan, 446 U.S. 335 (1980); Commonwealth v. Delgros, 646 Pa. 27, 33, 183 A.3d 352, 356 (2018); Commonwealth v. Bardo, 629 Pa. 352, 364, 105 A.3d 678, 685 (2014). Thus, expert testimony is not required to support an ineffective counsel claim. As former Pennsylvania Chief Justice Castille opined in his dissent in Commonwealth v. Gorby:

> The question of constitutional effectiveness is decided only by jurists, and a judge is hardly in need of the "expert" testimonial views of lawyers in order to make that determination. Courts are at least equally suited to assess attorney performance; indeed, given the obvious potential for bias on the part of lawyers caught in an adversarial system, courts are better situated. If the approach were otherwise, all PCRA hearings would be reduced to contrasting "expert" opinions from lawyers presented by the defense (and countered by the opinions of prosecution "experts") as to just who was ineffective (and who wasn't) in the conduct of a trial. Also, if the approach were otherwise, this Court and the Superior Court could be inundated with the "expert" views of lawyer amici telling us how we should decide *Strickland* questions. The role of lawyers on the question of ineffectiveness is as advocates, not as experts; anything an "expert" would say from the stand, the defendant's lawyer can simply argue from the bar or, more properly, argue in the brief. Thus I, for one, do not view the opinion testimony of lawyers as relevant proof of the effectiveness or lack of effectiveness, of the defendant's prior counsel. Gorby, 587 Pa. 417, 452, 900 A.2d 346, 367 (2006).

Specifically, it is improper to admit expert testimony of a defense attorney at a PCRA evidentiary hearing. Commonwealth v. Neal, 618 A.2d 438, 439 (Pa. Super. 1992) ("[A] trial

4

court is not a layman requiring expert advice [, but] is fully and indeed uniquely competent to make the legal determination of whether the trial counsel's conduct met the constitutional effectiveness standard").

The rule that expert testimony is not required to prove an ineffective counsel claim has been adopted in several other states. Acklin v. State, 266 So.3d 89, 117 (Ala.2017) ("[I]it is superfluous for expert witnesses to advise a court . . . about the proper application of existing law to the established historical facts and about the ultimate issue of trial counsel's ineffectiveness."); State v. Moore, 641 A.2d 268, 272 (N.J.1994), ("There is no basis to conclude that a lawyer experienced in appellate practice has any knowledge of that practice that is beyond the ken of a trial court."); People v. Frazier, 2000 WL 33423200 (2000) ("In the context of ineffective assistance of counsel claims, the trial court does not need expert testimony to understand the evidence"); Clemmons v. State, 785 S.W.2d 524, 531 (Mo.1990) ("[A]n attorney cannot be called as an expert witness to criticize the actions of another attorney on an issue of competency when the court is equally competent to make that decision").

## IV. ANALYSIS

The proffered testimony of Attorneys Antkowiak and Porter alleges various instances of defense counsel's ineffectiveness, including improperly counseling Defendant to waive his right to a jury, failing to offer pertinent character evidence, allowing inadmissible evidence to be admitted, and introducing prior evidence of Defendant's alleged wrong doing through reverse 404(b) evidence. While the Court respects the opinion of these highly credentialed experts, these issues are not the prerogative of attorney expert witnesses. They are substantially legal matters within the purview of this Court, and it would thus be improper to admit such testimony at a PCRA evidentiary hearing. Neal, 618 A.2d at 439.

5

Even if such testimony were not improper, these are not issues on which the Court requires "expert" advice from attorneys. Trial courts are well versed in run-of-the-mill evidentiary issues and matters of trial strategy. As Justice McDermott stated in Commonwealth v. Peterkin, 511 Pa. 299, 325, 513 A.2d 373, 386 (1986), "[A] trial judge, worth his salt, would seem to require no experts to advise him on what a reasonably vigorous advocate would do in any case." Indeed, the Court is not an "average layman" when it comes to the issue of attorney ineffectiveness. To permit such testimony would burden the Court with advice on issues it is best qualified to decide. Gorby, 587 Pa. at 452, 900 A.2d 346.

Defendant argues that a claim of attorney ineffectiveness is substantially the same as a legal malpractice claim. Defendant cites the case Storm v. Golden, 538 A.2d 61 (Pa. Super. 1988), for the proposition that expert testimony is necessary for a legal malpractice claim, and thus the Court should consider the expert testimony offered in this case. Defendant's claim, while creative, is ultimately unpersuasive.

First, the issues presented in Storm, a civil malpractice case, bear no resemblance to the issues in this criminal case. In Storm, the plaintiff alleged her attorney breached his duty of care in failing to properly counsel her in a real estate transaction. This issue is very different from those presently before the Court on commonplace evidentiary issues and matters of trial strategy. Moreover, unlike the case here, the Storm case involved a jury as fact-finder and not a trial court already learned in substantive legal issues. Finally, the Storm court "expressly limit[ed] its holding to the *present circumstances* in order to allow flexibility as to when expert evidence is needed." Id. at 65. (*Emphasis added*).

The issues on which the attorneys seek to testify are the not prerogative of expert witnesses, but are within the exclusive province of this Court. For the foregoing reasons, the Court grants

6

the Commonwealth's Motion in Limine and declines to admit the testimony of Attorneys Antkowiak and Porter to prove the issue of defense counsel's alleged ineffectiveness.

## V. CONCLUSION

Based on the foregoing, the Court finds no reason to admit the proffered expert testimony. When it comes to run-of-the mill evidentiary issues and questions of trial strategy, this Court needs no counseling. To permit such testimony would burden the Court with advice on issues it is best qualified to decide. Accordingly, the Court hereby grants the Commonwealth's Motion in Limine and precludes any defense attorney from testifying as an expert.